[No. 10,156.]

## EX PARTE CUBRETH.

ARREST OF FUGITIVE FROM JUSTICE.—The law of this State authorizing the arrest of a fugitive from justice who has fled from another State, before a demand for his surrender by the executive authority of the State from

which he fled, and his detention for a reasonable time to afford an op-
portunity for such executive demand, is not in conflict with the second
section of Art. IV of the Constitution of the United States.

WARRANT FOR ARREST OF FUGITIVE FROM JUSTICE.—The proceedings under
the statute in relation to the arrest and detention of fugitives from
justice, are required to be similar to those against persons charged with
crimes committed in this State, and the warrant must specify the offense
alleged to have been committed by the accused.

ON the 10th day of Febuary, 1875, the petitioner was ar-
rested by a police officer in San Francisco, on a warrant
issued by H. L. Joachimsen, a Justice of the Peace, upon
an affidavit which alleged that he stood charged in the Ter-
ritory of Utah with the crime of forgery, committed in that
Territory on the 10th day of January, 1875, and that the
charge was made on oath, by George F. Prescott, before J.
Toohey, a magistrate in said Territory, and that he was a
fugitive from justice found in the State of California, etc.

The warrant of arrest merely recited that the petitioner
was charged by a complaint on oath taken before the justice,
with being a fugitive from justice from the Territory of
Utah. The petitioner applied to the Supreme Court to be
discharged on *habeas corpus.*

The other facts are stated in the opinion.

*G. W. Tyler,* for the Prisoner.

*Ryan,* District Attorney, against the discharge.

Mr. Tyler was proceeding to argue that the Act of the
Legislature of the State, (Chapter IV, Penal Code) is in
contravention of the second section of the fourth article of
the Constitution of the United States, in that the Act pro-
vides for the arrest and detention of an alleged fugitive
from justice from another State of the Union, without ref-
erence to, and only in anticipation of a demand for his sur-
render, by the Executive authority of the State from which
he fled. The Court, however, declined to hear argument
upon the point; the Chief Justice observing, that the ques-
tion had lately undergone thorough examination by the
Court in *Ex parte White,* (ante p. 433), and that the Court was
unanimously of the opinion that the Act was not obnoxious

to constitutional objection. He observed that while the provision of the constitution referred to, required that the fugitive should be surrendered upon the demand of the Executive of the State in which the crime is charged to have been committed, it did not otherwise, or in the absence of the Executive demand, undertake to define the duties or limit the authority of the State within which the fugitive from justice might be found. The Constitution of the United States does not assume to deal with the question, before the proper Executive demand shall have been made, while upon the other hand the statute provides for the detention of the fugitive for a reasonable length of time in advance of, and to afford an opportunity for the Executive demand upon which the surrender is to be made. He said that the paramount constitutional duty of the State to make the surrender upon proper Executive demand was in no wise in conflict with its reserved power to deal with the fugitive in the absence of such a demand. He added, however, that irrespective of the constitutional question referred to, the prisoner was entitled to his discharge. The warrant upon which he is detained is radically defective, in that it does not set forth the commission of any offense whatever. The proceedings under the statute against fugitives from justice are required to be similar in all respects to those instituted against persons charged with public offenses committed within the territorial limits of the State (Penal Code, Sec. 1,550), and it is indispensable to their validity in either case that the warrant should specify the offense alleged to have been committed by the accused. Here the only charge set forth is that the accused is "a fugitive from justice."

This is obviously insufficient, and it not being made to appear to the Court (in accordance with Sec. 1,489, Penal Code) that the prisoner is in fact guilty of any criminal offense, it results that he must be discharged.

So ordered.