STATE v. ISAAC SHELTON and ALFRED FRANKLIN.

*Assault and Battery—Arrest of Fugitive from Another State.*

No one has authority, without process legally issued in this State, to arrest a person charged with crime in another State and fleeing here for refuge. Such an arrest makes the parties engaged in it guilty of an assault and battery.

(*Brockway* v. *Crawford*, 3 Jones 433; *State* v. *Bryant*, 65 N. C. 327, cited and approved.)

INDICTMENT for an Assault and Battery tried at Spring Term, 1878, of MADISON Superior Court, before *Cloud, J.*

The defendants and two others, Larkin Stanton and Solomon Stanton, were indicted jointly for an assault and battery on one Peter Howard. Larkin Stanton was not taken, and the other three defendants were put on trial. The jury acquitted Solomon Stanton and found the other

defendants guilty, and from the judgment thereon they appealed to this Court.

The facts so far as necessary to show the defence relied on are these: The prosecutor, Howard, who resided in Madison county in this State had been committed on a charge for larceny in Tennessee and had escaped from custody and returned home. Larkin Stanton and Alfred Franklin came to prosecutor's house and informed him that they had come to arrest him and carry him to Tennessee: Howard replied that he would not be taken unless they had a paper from the Governor. Other conversation passed and the parties left. Thereupon the prosecutor loaded his musket with duck shot and carrying it with him went to the house of a Justice of the Peace to witness a trial. At its conclusion he started home and passing the house of one Chandler, saw all four defendants sitting in the porch. When he had gone about one hundred and fifty yards from the house, he heard some one call out "halt." Prosecutor stopped, resting his gun on the ground, and looking back saw all four pursuing and about forty yards distant. Larkin Stanton immediately fired at prosecutor, the ball passing through the side of his neck. Prosecutor returned the fire but without effect, when they all ran up, and Isaac Shelton discharged his pistol three times at prosecutor, wounding him in the shoulder, and Alfred Franklin struck the side of his head with a stone and felled him to the earth. They then left him and went off. None of them had any warrant for prosecutor's arrest, nor had any official authority.

The Court was asked to charge the jury that if the defendants were making an effort to arrest the prosecutor, in good faith, with intent to convey him to Tennessee for trial although they had no process, they would be justified unless the force used was excessive. The Court refused to give the instruction and told the jury that the defendants had

no right to arrest without legal process.    Verdict of guilty.
Judgment.    Appeal by defendants.

*Attorney General*, for the State.
No counsel for defendants.

SMITH, C. J.   (After stating the case as above.)   In our
opinion the Court was correct both in refusing to give the
instruction asked and in that given.   There were no facts
in evidence from which the jury could reasonably infer that
the defendants honestly intended the arrest and removal,
and that their acts were directed to that end.   The assault
was with a deadly weapon, made while the prosecutor at
their command stopped and was awaiting their approach,
without any demonstration on his part of an intended at-
tack on them.   When twice wounded with shot and smitten
to the ground and entirely without ability to resist further,
they leave him and go off.   If this evidence was believed
it did not warrant the charge requested.   The assault was
violent and excessive, putting life in imminent peril and
far over-stepping the limits of any supposed authority in
private persons to arrest a felon and bring him to trial.

In *Brockway* v. *Crawford*, 3 Jones 433, it is held that a
private person may arrest a suspected person without war-
rant in order to carry him before an examining magistrate,
when done without malice and on proof of probable cause.

In the more recent case of *State* v. *Bryant*, 65 N. C. 327,
the Court say, such arrest may be justified when necessary
for want of an officer or otherwise to prevent an escape.
But where this authority is attempted to be exercised by
one person over the liberty of another, and especially with-
out process, the means employed must be reasonably appro-
priate to the end to be accomplished, and accompanied with
no excessive violence.   This can not be said of the conduct
of the defendants.   But this learning has no application to

the facts of the case. No criminal violation of the laws of this State has been committed by the prosecutor, and it is only when they are to be vindicated that this unusual power is delegated to a private person. For the arrest of fugitives from other-States wherein the offence has been committed, we have a positive and express statutory provision, as follows:—

Any Justice of the Supreme Court, or any Judge of the Superior Court, or of any Special Criminal Court, or any Justice of the Peace, or Mayor of any city or chief magistrate of any incorporated town on satisfactory information laid before him that any fugitive in the State has committed, out of the State and within the United States, any offence which by the laws of the State in which the offence was committed, is punishable either capitally or by imprisonment for one year or upwards in any State prison, shall have full power and authority, and is hereby required to issue a warrant for said fugitive and commit him to any jail within the State for the space of six months unless sooner demanded by the public authorities of the State wherein the offence may have been committed, agreeably to the act of Congress in that case made and provided. Bat. Rev. ch. 33, § 42.

This act prescribes the manner in which criminals escaping from other States may be restored to that having jurisdiction of the offence, and its directions can not be disregarded. It provides fully a method by which the crime may be punished, and at the same time guards and preserves the personal security of the citizen from lawless invasion. There is no error, and this will be certified to the end that judgment be pronounced on the verdict.

No error.                              Judgment affirmed.