Thomson, P. J.,
delivered the opinion of the court.
This is an action for false imprisonment. The defendant, *533 Moses B. Harris, was assaulted at his place of business in Denver by two men whose purpose was robbery. One of them fired on Harris, the ball striking him in the chest, but not inflicting serious injury. On the next day Harris was riding on a street car on which were three men, one of whom was the plaintiff, Milton McReynolds, and among whom he thought he recognized his assailants of the previous day. An officer made his appearance, and, after some conversation with Harris, arrested the three men, and took them to a justice’s office, whence they were taken to the city jail, where they remained two days, when, upon a hearing before the justice, they were discharged. McReynolds thereupon brought this action, and recovered a judgment against Harris for $250, from which an appeal was taken to this court.
There was some disagreement between the witnesses for the plaintiff, and those for the defendant, concerning the facts and circumstances of the arrest; but the jury by their verdict settled the questions of fact in favor of the plaintiff, and we are concluded by their finding. For the purposes of this decision we must therefore accept the testimony given for the plaintiff as true. According to that testimony the defendant pointed out the plaintiff to the officer, and directed his arrest as one of the men who had been guilty of the assault. He also directed the arrest of the other two men. The officer, in compliance with the plaintiff’s instructions, arrested the defendant and the others, and took them all to the office of the justice. The defendant was therefore directly responsible for the arrest of the plaintiff. The defendant accompanied the officer and the arrested parties to the justice’s office, and there made a sworn complaint against-L. C. Biggar, John Burke and M. Reynolds, charging each and all of them with feloniously making an assault upon him-with a deadly weapon with the intent to murder him. Big-gar and Burke were the two men brought to the justice’s office with the plaintiff. The justice then issued his warrant for the arrest of the persons named in the complaint, Biggar, Burke and Reynolds; and the plaintiff, with the others was handcuffed and taken to jail.
*534 At the trial of this cause the defendant testified that he had no reason to believe, and never did believe, or suspect, that the plaintiff was one of the men who assaulted him. There was therefore no excuse for the arrest and imprisonment of the plaintiff. But it is contended for the defendant that the false imprisonment of the plaintiff lasted only from the time of his arrest at the verbal direction of the defendant until the making’ of the complaint, and the issue of the warrant, and that Ms detention in custody afterwards was not false imprisonment. The court was requested to so Mstruct the jury, but the request was refused, and error is assigned upon the refusal. If the process by wMch it was assumed to hold the plamtiff in custody was valid process agamst Mm, the Mstruction should have been given. 'But he was not named either in the complaint op warrant. It appears quite clearly that by the name, M. Reynolds, inserted m the two papers, the plaintiff was mtended. But Reynolds is not McReynolds, and a warrant agamst M. Reynolds did not justify the arrest of Milton McReynolds. That the intention was to designate the plaintiff is of no importance so long as he was not in fact designated; and he could not be legally imprisoned by virtue of process in wMch he was not named. Greswold v. Sedgewiek, 6 Cow. 456; Melvin v. Fisher, 8 N. H. 406; Scheer v. Keown, 29 Wis. 586. The incarceration of the plaintiff after issuance of the process was therefore merely a continuation of the imprisonment which commenced with the original arrest, and for the wrong which he suffered, his proper remedy was an action for false imprisonment. The instruction was correctly denied.
Error is assigned to the court’s refusal to give other rnstructions asked by the defendant. They authorized the jury, if they believed from the evidence that Harris, in the exercise of ordinary caution and prudence, entertained an honest and strong suspicion that the plaintiff was connected with the felonious attack made upon him, to find a verdict for Harris. Concedmg that in the abstract the mstruetions cor *535 rectly declared, the law, they were properly refused because they were not warranted by the evidence. There was not only an absence of evidence to justify them, hut there was the direct and positive testimony of Harris himself that he never suspected the plaintiff, and never had any reason to suspect him. In the face of such evidence the giving of the instructions would have been gross error. See Fisk v. Electric Light Co., 3 Colo. App. 319.
Error is assigned as follows to instructions given: “ The court erred in giving to the jury over the' objection and exception of the defendant, instruction number and as given by the court.” The court instructed the' jury orally, consequently there were no separately numbered instructions. This assignment calls our attention to nothing, and in view of the manner in which the instructions were given, it means nothing. It must therefore be ignored.
The complaint and warrant which, as they were originally drawn, were against Reynolds, were, some time after the warrant was served, altered so as to make the name Reynolds read McReynolds; and the court permitted parol evidence of the alteration to be introduced. Counsel say that this ruling was erroneous. The subsequent alteration of the papers' could not convert an unlawful arrest into a lawful one; and if when this cause was tried they had been changed so as to appear regular and proper, to refuse the plaintiff permission to prove what they were when he was handcuffed and taken to prison, would be to deny him justice. The fact of the insertion of the plaintiff’s name in the papers after the process was issued, could be proved only by parol, and we think the evidence was properly received. Rafferty v. People, 69 Ill. 111.
We find no error in the record and affirm the judgment.

Affirmed.