(117 So. 202)

**McPHERSON, Sheriff, et al. v. GAY.**
(6 Div. 19.)

Supreme Court of Alabama. May 24, 1928.

1. **Venue** ⏤8—Suit for wrongful arrest and assault held maintainable in county where tort was alleged to have been in part committed.

Where, in action for wrongful arrest and assault and battery, tort was alleged to have been committed in part in county where suit was brought, plea in abatement of defendant claiming right to be sued in county of his residence was properly overruled.

2. **Appeal and error** ⏤1042(1)—Striking plea in abatement which challenged venue held not prejudicial, where undisputed evidence showed assault alleged was committed in county of suit.

Where undisputed evidence showed that alleged false arrest and assault and battery were committed in county where suit was brought, as well as in other counties, striking plea in abatement, asserted on ground of defendant's residence in another county, was not prejudicial, even though count for assault and battery did not aver where assault was committed.

3. **False imprisonment** ⏤8—Person wrongfully arrested under warrant issued in another county held not entitled to damages for subsequent lawful detention in such other county.

Where deputy sheriff, under warrant issued in his own county, made arrest without authority in another county, his subsequent detention of person arrested in the county in which the warrant was issued, though it did not render lawful the original act of arrest, was justifiable, and relieved officer from liability for damages growing out of detention in such county, in suit for wrongful arrest and assault and battery.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action for damages by T. S. Gay against George McPherson, as Sheriff of Blount County, and the United States Fidelity & Guaranty Company, surety on official bond, for wrongful arrest and assault and battery. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

The charge refused to defendants and made the basis of the ninth assignment is as follows:

"The court charges the jury that under the evidence in this case you should not be authorized to take into consideration, any of the evidence relating to what occurred in Blount county in arriving at the damages that the plaintiff might recover in this suit under the first count of the complaint."

W. A. Weaver, T. J. Lamar, and B. F. Smith, all of Birmingham, and P. A. Nash and J. T. Johnson, both of Oneonta, for appellants.

Defendant may plead de novo to an amended declaration. Wright v. Hollingsworth, 1 Pet. 165, 7 L. Ed. 96; Kennedy v. Dear, 4 Port. 423; Adams v. Adams, 39 Ala. 603; Ex parte Dunlap, 209 Ala. 453, 96 So. 441. Plaintiff was not entitled to prove any damages sustained by him after he reached Blount county. McCullough v. Greenfield, 133 Mich. 463, 95 N. W. 532, 62 L. R. A. 906; Oleson v. Pincock (Utah) 251 P. 26. The defendants were entitled to the general affirmative charge, the policeman of Tuscaloosa having participated in the arrest. Adams v. State, 175 Ala. 8, 57 So. 591; Deason v. Gray, 192 Ala. 611, 69 So. 15; Kratzer v. Matthews, 233 Mich. 452, 206 N. W. 982.

A. Leo Oberdorfer and Roderick Beddow, both of Birmingham, for appellee.

A plea in abatement cannot be allowed where the amended declaration introduces no new matter nor any grounds of abatement which existed equally as to the original declaration. 1 C. J. 267; Moss v. Stipp, 3 Munf. (Va.) 159; Archer v. Claflin, 31 Ill. 306; Smith v. Davenport, 198 Iowa, 1295, 201 N. W. 47. Matters in abatement existing at the time of continuance cannot be pleaded after granting of general continuance. 1 C. J. 261; Vaughan v. Robinson, 22 Ala. 519; 4 Code 1923, p. 899, rule 12. A person or officer who unlawfully arrests another without authority cannot detain him on a subsequent valid process until after the person so wrongfully arrested has been set at liberty. An illegal arrest cannot be justified by facts subsequently ascertained, nor can arrest for one purpose be justified for another. 25 C. J. 496; Mandeville v. Guernsey, 51 Barb. (N. Y.) 99; Harper v. Lane, 6 H. L. Cas. 443; Cabell v. Arnold (Tex. Civ. App.) 22 S. W. 62; Snead v. Bonnoil, 166 N. Y. 325, 59 N. E. 899; Cunningham v. Baker, 104 Ala. 160, 16 So. 68, 53 Am. St. Rep. 27; Morgan v. State, 197 Ind. 374, 151 N. E. 98; Hill v. Wyrosdick, 216 Ala. 235, 113 So. 49.

ANDERSON, C. J. [1] Whether the plea in abatement was in time or not, it was no answer to count 1 of the complaint. The substance of the plea was that the defendant McPherson resided in Blount county, and should have been sued there; yet count 1 charges that the tort was committed in part in Jefferson county, and, that being the case, the defendant McPherson was suable in that county.

[2] Count 4, the only other count that went to the jury, was for an assault and battery and it does not aver in which county the assault was committed, and the plea in abatement may not have been bad as an answer to said count on its face, but, conceding error in striking said plea, it was error without injury, for the undisputed evidence shows that,

if the arrest was unlawful, which is the foundation for the alleged assault, it was committed in Jefferson county as well as Tuscaloosa or Blount, and the said McPherson was suable in either of said counties.

The appellants' counsel group assignments of error F, G, 10, 9, 37, 38, 39, 40, 41, and 42, and suggest that they are based on one question ; that is, whether or not the plaintiff was entitled to prove any damage sustained by him after he reached Blount county. This upon the evident theory that, while the arrest may have been unauthorized and unlawful as to the other counties, it became lawful after he reached Blount county, and that plaintiff was not unlawfully detained in said county.

[3] As a general rule, a person or officer who unlawfully arrests another without authority cannot justify the act under subsequent valid process. Whether or not he can retain him under a subsequent. charge or process then valid, but not properly executed at the start, is a question upon which the authorities are not numerous, but as to which the 'few authorities we find seem divided. Here the deputy sheriff of Blount county had no authority to execute the warrant issued in Blount county upon the plaintiff in Tuscaloosa county or to detain him thereunder in Jefferson or any county other than Blount. But he did have the authority to execute the warrant anywhere in Blount county, and, if he detained him in Blount county under the warrant, which he did, the detention ceased to be unlawful, and, while not justifying the original act of arrest, relieved the officer from any damage growing out of the detention of the plaintiff in said Blount county. The case of McCullough v. Greenfield, 133 Mich. 463, 95 N. W. 522, 62 L. R. A. 906, 1 Ann. Cas. 924, supports this holding as well as the quotation in the opinion from Harris v. McReynolds, 10 Colo. App. 532, 51 P. 1016.

The main case relied upon as holding to, the contrary is the case of Mandeville v. Guernsey, 51 Barb. (N. Y.) 99. That case was distinguished from the case in hand by the Michigan court in the McCullough Case, supra, but, if it could not be distinguished, it was affirmed by the highest court of New York by four to three (50 N. Y. 669), and we would decline to follow it, regarding the holding of the Michigan court as the more sensible and reasonable rule.

In the case of Cabell v. Arnold (Tex. Civ. App.) 22 S. W. 62, while the court referred to the Mandeville Case, supra, the opinion expressly states:

"As to whether or not he was entitled to recover for his detention illegally commenced after he was placed in charge of the officer who had the warrant, it is not necessary for us to decide."

The quotation in brief of appellee's counsel from 25 C. J. 496:

"A person or officer who unlawfully arrests another one without authority cannot detain him on a subsequent valid process until after the person so wrongfully arrested has been set at liberty."

As appears from the note, it is based on the New York Case of Mandeville v. Guernsey, supra, and takes no account of the Michigan and Colorado cases contra.

The case of Snead v. Bonneil, 166 N. Y. 325, 59 N. E. 899, which says:

"The illegality of the arrest was not, and could not be, cured by the subsequent charge of having committed a misdemeanor, for which a conviction was eventually had,"

—and the quotation from our own case of Cunningham v. Baker, 104 Ala. 160, 16 So. 68, 53 Am. St. Rep. 27, to wit:

"An illegal arrest cannot be justified by facts subsequently ascertained; nor can an arrest made for one purpose, be justified for another,"

—is perfectly sound and just, as we now hold. But those cases do not hold that, after the arrest or detention becomes legal, this fact does not mitigate the damages or make the detention illegal. They merely hold that this fact does not justify the original wrong.

Here we have a case of an arrest under a valid warrant issued by the judge of the county court of Blount county, and which could have been legally executed by the sheriff of Tuscaloosa county or by the present defendant in Blount county. The wrong or irregularity being that the defendants' deputy arrested the plaintiff in Tuscaloosa county instead of Blount county, therefore, notwithstanding the arrest was unlawful as well as the detention, yet, when the defendants' deputy reached the line of Blount county armed with the warrant, it automatically operated to justify the detention of the plaintiff until legally discharged. There being no proof of any improper treatment of the plaintiff other than by imprisoning and detaining him, the trial court erred in refusing the defendants' requested charge embodied in the ninth assignment of error, and in not otherwise limiting the plaintiff's right to recover only for what transpired prior to his arrival in Blount county.

We do not think that the defendants were entitled to the general charge upon the theory that the Tuscaloosa policemen had the right to arrest the plaintiff under the warrant in the possession of the defendants' deputy, for, whether this contention be sound or not, the evidence fails to show that the policemen aided or abetted in the arrest. At least, this was a question for the jury.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

SAYRE, GARDNER, and BOULDIN, JJ., concur.