**BANK OF COTTONWOOD et al. v. HOOD.**

4 Div. 667.

Supreme Court of Alabama.

June 8, 1933.

Rehearing Denied Sept. 28, 1933.

O. S. Lewis, of Dothan, for appellee.

Farmer, Merrill & Farmer, of Dothan, for appellants.

BROWN, Justice.

The complaint as originally filed was against appellants and one Strickland for an alleged unlawful arrest and restraint of the plaintiff, and consisted of three counts, the first for false imprisonment, substantially in the form prescribed by section 9531 of the Code of 1923, form 19. The second avers that "the defendant Bank, by and through its agent and cashier M. A. Helms, and S. O. Smith, as president, on to wit: August 4th, 1929, while acting within the line and scope of *his* authority, and the said M. A. Helms, S. O. Smith and E. J. Strickland as individuals, caused plaintiff to be unlawfully restrained of his liberty at Bonifay, in the State of Florida, on a charge of robbery, *by falsely accusing plaintiff, and falsely identifying him as one of the robbers who robbed the said Bank of Cottonwood,* at Cottonwood, Alabama, on the 3rd day of August, 1929, for the purpose of causing him to be restrained of his liberty, and thereby caused or instigated plaintiff's arrest and imprisonment," etc. (Italics supplied.)

The third count was for malicious prosecution in Code form. Code 1923, § 9531, form 20.

Before the trial was concluded, the complaint was amended by withdrawing count 3, striking Strickland as a party defendant, and adding counts (a) and (b). Count (a), like count 1, is in the form prescribed for false imprisonment. Count (b) avers that "the defendant Bank, by and through its agent and cashier, M. A. Helms, and S. O. Smith, as president, on towit: August 4th, 1929, while acting within the line and scope of their authority, caused plaintiff to be unlawfully restrained of his liberty from August 4th, 1929, to August 9th, 1929, *by falsely accusing plaintiff, and falsely identifying him* as one of the robbers, who robbed the said Bank of Cottonwood at Cottonwood, Ala-

bama, on the 3rd day of August, 1929." (Italics supplied.)

The defendants demurred to counts 2 and (b), and the demurrers were overruled.

The defendants interposed the plea of the general issue, and several special pleas. Demurrers by plaintiff were sustained to the special pleas, and the trial proceeded to judgment under counts 1, 2, (a), and (b) and the plea of the general issue, resulting in a verdict and judgment for the plaintiff against all the defendants, and from that judgment the defendants have appealed.

The case was submitted on the assignments of error, without an order of the court granting leave of severance in the assignments of error, and, under the well-established rule, we are restricted to a consideration of the alleged errors that affect the rights of all the appellants. Stacey et al. v. Taliaferro et al., 224 Ala. 488, 140 So. 748; Cook et al. v. Atkins, 173 Ala. 363, 56 So. 224.

The appellants' argument in support of the assignment of error predicated on the overruling of the demurrers to counts 2 and (b) is very meager, and under the well-settled rule might be treated as a waiver. However, the contention seems to be that the averments of these counts, when construed most strongly against the pleader, show no more than that the defendants Helms and Smith, acting in good faith and in aid of the officers of the law, *through honest mistake, identified* the plaintiff as one of the persons who participated in the robbery of the bank. We are not of opinion that these counts are subject to this construction. While we do not hold said counts were free from demurrable defects, they are not subject to the objections pointed out by the stated grounds of demurrer, and the demurrer was overruled without error. Code 1923, § 9479; Sanders v. Davis, 153 Ala. 375, 44 So. 979.

We take judicial notice of the historic fact that the territory constituting the state of Florida was acquired by purchase from Spain in 1819, and the common law will not be presumed to prevail in that state, in the absence of proof of its adoption. Therefore it will be presumed that the law of the forum is the law applicable to the question under consideration. Peet & Co. v. Hatcher, 112 Ala. 514, 21 So. 711, 57 Am. St. Rep. 45.

In Cunningham & Son v. Baker, Peterson & Co., 104 Ala. 160, 169, 16 So. 68, 70, 53 Am. St. Rep. 27, it was observed by this court speaking through Chief Justice Brickell, that: "As a general rule, at common law, an arrest could not be made without warrant. If a felony was committed, or a breach of the peace threatened or committed, within the view of an officer authorized to arrest, it was his

duty to arrest without warrant, and carry the offender before a magistrate; or if a felony had been committed, and there was probable cause to believe a particular person was the offender, he could be arrested without warrant. * * * The matter of arrests is now the subject of statutory regulation, largely affirmatory of the rules of the common law. * * * The statutes and the corresponding rules of the common law have primary, if not exclusive, relation to the administration of the criminal laws of the state. *If an arrest be legal,* under what conditions and for what purposes there may be a search of the person arrested, and what things found upon his person may be taken into possession by the officer making the arrest, were the subjects of very full and deliberate examination and exposition in Ex parte Hurn, 92 Ala. 102, 9 So. 515 [13 L. R. A. 120, 25 Am. St. Rep. 23]. * * * A search of the person arrested is justifiable only as an incident to a lawful arrest. If the arrest be unlawful, the search is unlawful, and is aggravated by the illegality of the arrest.

"If a person charged with treason, felony, or other crime in another state has fled therefrom, and is found in this state, the statutes provide for his apprehension and detention to await a requisition from the executive of the state in which the crime was committed. Cr. Code, §§ 4747-4760 [Code of 1923, §§ 4165-4178]. Under these statutes, a warrant of arrest must issue from a magistrate having authority to issue such warrants. In the absence of statutes, upon common-law principles, the apprehension and detention of persons charged with crime in other states was effected through judicial officers, upon probable cause being shown by appropriate evidence. Morrell v. Quarles, 35 Ala. 544; 1 Kent, Comm. 36, 37. The intervention of a judicial officer and a warrant of arrest were deemed the more orderly, if not the only, course of legal procedure. The current of judicial decision supports the proposition that, when the matter of apprehension and detention is regulated by statute, the statutory mode of procedure must be observed, and that arrest and detention otherwise is illegal. Malcolmson v. Scott, 56 Mich. 459, 23 N. W. 166; State v. Shelton, 79 N. C. 605; Ex parte Cubreth, 49 Cal. 435; Ex parte Thornton, 9 Tex. 635; Matter of Heyward [3 N. Y. Super. Ct.] (1 Sandf.) 702; Matter of Leland [N. Y.] 7 Abb. Prac. (N. S.) 64; Matter of Rutter [N. Y.] 7 Abb. Prac. (N. S.) 67." (Italics supplied.)

This pronouncement is supported by Gray v. Strickland, 163 Ala. 344, 50 So. 152.

The decision of the question, "Whether an officer having authority to make arrests may not without warrant arrest a person in this state whom he has reasonable cause to believe has committed a felony in another state, and to have fled therefrom," was pre-termitted in Cunningham & Son v. Baker, Peterson & Co., supra, and again in Hill et al. v. Wyrosdick, 216 Ala. 235, 113 So. 49, because it was unnecessary to a decision in those cases, but in the instant case the question is squarely presented and must be decided.

Whether we apply the rule of the common law or the statute, as clearly and forcibly announced by the court in Cunningham & Son v. Baker, Peterson & Co., 104 Ala. 160, 16 So. 68, 53 Am. St. Rep. 27, there is no escape from the holding that such officer has no authority to arrest a fugitive from justice without a warrant, as both the statute and the common law require the intervention of an officer invested with judicial authority to that end.

The demurrers of the plaintiff to the several special pleas interposed by defendants, designed to justify the arrest by the Florida sheriff, and negativing the defendants' responsibility therefor, were well sustained.

If the Alabama officers who pursued the robbers had facts before them sufficient to warrant a reasonable man in believing that plaintiff was one of the persons who committed the robbery, this warranted them in applying to a judicial officer in Florida for the issue of such warrant for his arrest.

Facts going to show that the defendants did not cause, incite, or instigate the arrest and imprisonment of plaintiff were admissible under the general issue. Strain v. Irwin, 195 Ala. 414, 70 So. 734; Standard Oil Co. v. Davis, 208 Ala. 565, 94 So. 754.

The evidence offered by the plaintiff tended to show that, when plaintiff and Pennington were informed by Sheriff Driver of Holmes county, Fla., of the robbery, and that he (plaintiff) was suspected as having participated in its commission, plaintiff, at Driver's request, voluntarily accompanied the sheriff to Bonifay, with the assurance from the sheriff that, if he was not identified by the officers of the bank, he would be returned to his home by the sheriff; that, when they got to Bonifay, Helms, the cashier of the bank, positively identified plaintiff and Pennington as two of the guilty parties, and directed Driver, the sheriff, "to carry them back to the jail"; that plaintiff and Pennington were also identified by Mrs. McDaniel, a witness who was transported to Florida by Smith and Helms; that Smith was present at the time, and requested that plaintiff and Pennington be searched, "wanted us searched again, wanted our socks examined, our hats, pants, and some letters read;" and the evidence was without dispute that the defendant bank paid the expenses of the trip of Helms, Smith, and Mrs. McDaniel to Florida.

There was also evidence going to show that Solicitor Mullins informed Helms that he

would have to carry his witness to Florida to appear before the Governor of Florida to procure the warrant for the extradition of plaintiff and Pennington.

There was also evidence showing that another party was brought before Helms for identification, and he directed the officers to let him go.

The defendants offered evidence tending to show that Helms and Mrs. McDaniel merely went to Florida at the request of the law enforcement officers from Alabama, and identified the plaintiff and Pennington, and that Smith carried them in his automobile for that purpose, and that neither Smith nor Helms requested or directed the officers to make an arrest or hold the parties.

The evidence is without dispute that plaintiff was put in jail in Florida, without a warrant for his arrest, on August 4, 1929, and held in custody until August 9th, when he was removed to Alabama, under extradition proceedings, and placed in jail, where he remained until August 14, 1929; that a robbery was committed; that the culprits were apprehended, tried, and convicted; and that plaintiff had no guilty connection therewith.

The evidence presented a jury question as to whether or not the defendants caused the plaintiff's arrest and imprisonment, and the affirmative charge was well refused, and, under the well-settled rule, we are not able to affirm that the verdict was contrary to the weight of the evidence. Standard Oil Co. v. Davis, 208 Ala. 565, 94 So. 754; Alabama Co. v. Norwood, 211 Ala. 385, 100 So. 479; Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738.

The affidavit of the juror was not admissible to impeach the verdict, and the objection thereto was properly sustained. Gulf States Steel Co. v. Law et al., 224 Ala. 667, 141 So. 641.

With this evidence out, there was nothing to support the ground of the motion that the verdict was a quotient verdict.

The exceptions to the oral charge of the court are clearly without merit. The oral charge, when considered as a whole, is not subject to the objection of being abstract and misleading, nor is it argumentative, but, if it be conceded that it was argumentative, this is not ground for reversal. Daniel v. Bradford, 132 Ala. 262, 31 So. 455.

The evidence in this case clearly differentiates it from Daniel v. Goodyear Tire & Rubber Co., 225 Ala. 446, 143 So. 449, and the principle that the question of probable cause is a question of law for the court, declared in Molton Realty Co. v. Murchison, 212 Ala. 561, 103 So. 651, is limited to suits for malicious prosecution, and is not applicable to actions for false imprisonment. Rich v. McInerny, 103 Ala. 345, 356, 15 So. 663, 49 Am. St. Rep. 32.

We have examined the numerous assignments of error predicated on the giving and refusal of special charges, and on the admission and rejection of evidence, and find nothing that would warrant a reversal or that requires special treatment.

The court very properly limited the damages which plaintiff was entitled to recover to such as occurred prior to the issuance of the warrant by the Governor of Florida on the requisition of the Governor of this state. McPherson, Sheriff, et al. v. Gay, 217 Ala. 557, 117 So. 202.

We are of opinion that the damages awarded by the verdict are excessive; that 50 per cent. of the amount, or $1,325, is adequate, and, unless the appellee files a remittitur reducing the damages to said amount, within fifteen days from the date this opinion is announced, a new trial will be awarded.

Affirmed conditionally.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.