65 So.2d 500

**LONG v. MANN et al.**

5 Div. 548.

Supreme Court of Alabama.

May 14, 1953.

Wm. L. Dickinson, Opelika, for appellant.

McKee & Maye, Opelika, for appellees.

SIMPSON, Justice.

Appeal from a judgment for the defendants in an action for false imprisonment. Trial was before the court without a jury.

The principal contention advanced for a reversal is that illegal evidence was admitted over due objection and exception of the plaintiff to the result that in such cases a reversal of the judgment is required unless the remaining evidence is without con-

flict and sufficient to support the judgment. Springer v. Sullivan, 218 Ala. 645, 119 So. 851. The court entertains the view, however, that this principle is not controlling in that the admitted evidence was competent.

The first insistence is that it was not competent for the defendants on cross-examination of the plaintiff to inquire of him if he had not previously been convicted of other offenses at various times in that court and in the federal court. This cross-examination was properly admitted by the court as impeachment of the testimony of plaintiff that he had been rendered nervous and ill as a result of his said arrest. It is always competent on cross-examination to make such interrogation of a witness as would tend to illustrate or impeach the accuracy of his testimony and such cross-examination may even pertain to irrelevant and immaterial matters in order to test the credibility, accuracy or sincerity of the witness. Housing Authority of Decatur v. Decatur Land Co.,[1] 64 So. 2d 594; Ex parte State, 199 Ala. 255, 74 So. 366. This cross-examination of plaintiff bore directly on the question of whether or not his arrest in the case at bar would in fact have had a tendency to render him embarrassed or nervous or ill in view of his many previous trials and convictions in various courts.

The basis of the plaintiff's action for false imprisonment was his arrest, trial and acquittal on a charge of violating a traffic ordinance of the City of Opelika. On the night of his arrest, after having been taken to the police station, he was searched and found in possession of lottery tickets and a charge was then lodged against him for that offense, on which he was later tried and convicted. It is contended that evidence with respect to the lottery charge was inadmissible under the well-recognized principle that a person unlawfully arresting another for one offense cannot justify it on the theory that another proper ground existed at the time of the arrest. McPherson v. Gay, 217 Ala. 557, 117 So. 202; Bank of Cottonwood v. Hood, 227 Ala. 237, 149 So. 676; Cunningham & Son v. Baker, Peterson & Co., 104 Ala. 160, 16 So. 68; 35 C.J.S., False Imprisonment, § 35, page 549; 64 A.L.R. 653, note.

True, the arrest and conviction of the plaintiff for the later offense of unlawfully possessing lottery tickets could not be plead in justification of the previous alleged unlawful arrest, but such evidence was admissible and properly to be considered in mitigation of damages. McPherson v. Gay, supra; Comisky v. Norfolk & W. R. Co., 79 W.Va. 148, 90 S.E. 385, L.R.A.1917D, 220; Wright & Taylor v. Leigh, 229 Ky. 32, 16 S.W.2d 493; C.J.S., supra.

The other assignments of error relate to the exclusion of evidence proffered by the plaintiff mainly to show the extent of his damages. The court on a hearing ore tenus found for the defendants, evidently concluding they were not guilty of the damnifying acts charged in the complaint. The exclusion of the proffered evidence, therefore, would probably not have changed the result, of consequence of which error to reverse could not be predicated on its exclusion. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

No errors prejudicial to the substantial rights of the plaintiff are made to appear.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and MERRILL, JJ., concur.

1. 258 Ala.Sup. 607.