BRADLEY, Judge.
Petition for writ of mandamus to the Honorable Terry Butts, Circuit Judge, to require the judge to transfer this case from Coffee County to Geneva County. The writ is granted.
On March 9, 1982 Don J. Martin filed an action in Coffee County against certain named defendants for maliciously and without probable cause causing a criminal arrest warrant to be issued out of the Geneva County District Court for the offense of issuing a worthless check and causing him to be arrested on that charge in Coffee County. The defendants to this action were: “Dixie Dandy, a Corporation, and ABC, those person(s) firm(s), corporation(s) or other legal entities responsible, jointly or severally for swearing out a Criminal Arrest Warrant against Plaintiff on to-wit: 29 December, 1981 in Geneva County, Alabama in Case No. DC 82-180, whose true and correct names, descriptions and/or identities are otherwise unknown to Plaintiff but will be added or substituted by amendment when ascertained.” On April 7, 1982 plaintiff amended his complaint by substituting “Jack Dial, individually and/or owner of and/or d/b/a Geneva Dixie Dandy for fictitious defendant ‘A.’ ”
On April 9, 1982 Jack Dial moved to dismiss the action because of erroneous venue or, in the alternative, to transfer the case to Geneva County. The basis of the motion is that there is no corporation in Alabama known as “Dixie Dandy,” that Jack Dial is an individual doing business and residing in Geneva County, and that the cause of action did not arise in Coffee County.
On April 19,1982 plaintiff amended count two of his complaint by adding Brice Paul as Sheriff of Coffee County as a defendant. On September 10,1982, and after a hearing at which it was shown that Dial was an individual living and doing business in Geneva County and that the arrest warrant was obtained in Geneva County, respondent denied the request for a change of venue. This petition is a result of that order.
Petitioner contends that Geneva County is the proper county for the trial of plaintiff’s action because defendant Dial is a resident of Geneva County and the cause of action arose in Geneva County, i.e. the warrant of arrest was issued out of the Geneva County District Court. § 6-3-2, Code 1975. Consequently, the trial judge erred by not transferring the case from Coffee County to Geneva County.
Respondent replies that Dial’s request for change of venue was properly overruled. His argument is that Dial waived his venue *443 objection because he failed to raise it in the first responsive pleading filed after Dial was served with a copy of the summons and complaint making him a party defendant. The amended complaint making Dial a party defendant was filed on April 7, 1982 but was not served on Dial until April 13,1982. Dial filed his motion for change of venue on April 9, 1982. Dial’s next pleading filed after April 13, 1982 was on May 24, 1982 when he moved the court to dismiss the complaint as amended for failure to state a claim upon which relief could be granted.
As to respondent’s argument that Dial waived his right to object to venue because he did not raise it in his first responsive pleading after being served with the amended complaint, we note that in Ex parte Smith, 423 So.2d 844 (Ala.1982), the supreme court said that rules 9(h) and 15(c), Alabama Rules of Civil Procedure, can be construed to permit the substitution of fictitious parties against whom a claim has been asserted to relate back to the date of the original pleading. In the case at bar it is clear that the complaint was amended to permit Dial to be substituted for fictitious party “A.” The original complaint alleged that fictitious party “A” was jointly responsible for swearing out an arrest warrant in Geneva County on December 29, 1981. Dial’s first responsive pleading, i.e. a motion, to the complaint was filed shortly after the original complaint was filed. Therefore the substitution of Dial for fictitious party “A” related back to the original complaint and the venue issue was raised by motion shortly thereafter. Thus, Dial properly and timely responded to the venue issue created by the complaint. Hence, respondent’s contention that Dial waived his objection to venue by not properly and timely responding to the amended complaint is erroneous.
Respondent also argues that venue was properly laid in Coffee County at the commencement of the suit because Dial caused plaintiff to be falsely arrested in Coffee County. He says that the tort of false arrest was committed in Coffee County and thus Dial could be sued in Coffee County. See § 6-3-2, Code 1975. Respondent relies on McPherson v. Gay, 217 Ala. 557, 117 So. 202 (1928), and argues that McPherson is factually on point with this case.
McPherson v. Gay, supra, involved the venue of a suit for false arrest and false imprisonment. McPherson, the defendant and sheriff, resided in Blount County and argued that he should be sued in that county. Plaintiff was arrested by defendant’s deputy in Jefferson County and the suit for false arrest was brought in Jefferson County. The court held that the tort of false arrest was committed in part in Jefferson County and, therefore, the suit could be tried in that county.
In response to respondent’s venue argument, we note that plaintiff was not arrested by Dial but was in fact arrested by the Coffee County sheriff. Consequently, Dial could not be charged with false arrest. Count two, the count in which plaintiff pleaded false arrest, was amended to add Sheriff Paul of Coffee County as a party defendant and charges him with false arrest because he failed to have the Geneva County arrest warrant endorsed by a magistrate in Coffee County as required by section 15-10-10, Code 1975, before he arrested the plaintiff. Although the false arrest count as amended could be tried in Coffee County, this count of the complaint was amended after Dial was substituted for fictitious party “A” and after Dial had objected to venue being in Coffee County and cannot now be considered as authorizing a trial in Coffee County of the complaint against Dial. See Ex parte Wilson, 408 So.2d 94 (Ala.1981). We should not, however, be understood as saying that Sheriff Paul must be sued on the amended count two in Geneva County. Respondent’s second argument is not persuasive.
Venue for the prosecution of this complaint against defendant Dial is in Geneva County and the trial court erred by not transferring it as requested.
The respondent has ten days from the date of this opinion to transfer this case from Coffee County to Geneva County. If *444 the case has not been transferred by the tenth day from the date of this opinion, the writ of mandamus will issue requiring respondent to transfer this case in accordance with the opinion of this court.
WRIT GRANTED CONDITIONALLY.
WRIGHT, P.J., and HOLMES, J., concur.