[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 399 
This is a suit for malicious prosecution. The only issues presented are evidentiary.
On October 29, 1984, Carnell Davis was arrested on a charge of trespassing while picketing a Mobile Seven-Eleven store owned by Southland, Inc. A complaint for his arrest was sworn to by Joyce Pettway, the store manager. Davis was acquitted of the charge.
Subsequently, he brought suit for false arrest and malicious prosecution against Southland and Pettway. A directed verdict was granted defendants on the false arrest claim, and the malicious prosecution claim was tried before a jury, which found for the defendants. Davis's motion for new trial was denied.
Davis appeals here, contending that the trial judge committed reversible error by admitting evidence of: (1) Davis's prior arrest; (2) his child support obligations; and (3) his having been terminated from his employment with the Mobile County Personnel Board. We find no reversible error and affirm.
During trial Davis took the stand, and, during cross-examination, the following occurred:
 "Q Mr. Davis, Mr. Simmons was asking you about how you felt you were damaged in this case. Do you feel that your reputation was damaged by virtue of being arrested?
"A For trespassing, yes.
 "Q Do you feel that you were embarrassed or humiliated in any way by being taken to jail?
"A Yes.
 "Q All Right. Now you've been arrested and taken to jail on two prior occasions though, haven't you?
"MR. SIMMONS: I'm gonna object, sir.
"THE COURT. Overruled.
"A Yes.
 "Q All right. In fact your common-law wife had charged you previously on two other occasions with disorderly conduct, hadn't she?
"A Right. It was a domestic family type situation.
 "Q All right, sir. But she swore a warrant out against you on two separate occasions for disorderly conduct and you were jailed then, weren't you?
 "A I was actually incarcerated once. The first time I did not go inside the jail.
 "Q All right. But you were arrested and booked, weren't you?
"A Right.
 "Q And you paid a fine on both of those occasions, didn't you?
"A Right.
 "Q And at the present time aren't you under a court order to make support payments for three illegitimate children?
"MR. SIMMONS: I'm gonna object, sir.
"THE COURT: Overruled.
"A Three illegitimate children?
 "Q Yes. Three children. Aren't you under a court order to make payments for three children, three illegitimate children?
 "A I am under court order to pay child support to two children.
"Q To two children.
"A I don't consider my children illegitimate.
"Q All right. Have you ever been married?
 "A As you say, common-law married. I think here in Alabama if you live with someone for a certain period of time I think it's considered common-law marriage. I don't know the exact law. *Page 400 
 "Q All right. These two children are children by a common-law marriage, is that correct?
"A Right.
 "Q All right. And as a matter of fact you are now and have been behind on those payments, haven't you?
"MR. SIMMONS: I'm gonna object, sir.
 "THE COURT: Well I think we're getting pretty far afield, Mr. Leach. Sustain the objection.
 "Q As a matter of fact, aren't you suppose[d] to appear in Court this afternoon in connection with those payments?
"MR. SIMMONS: I'm gonna object, sir.
"THE COURT: Sustained.
 "Q Now, Mr. Davis, when you were telling the jury about various places that you had been employed, you did not mention the Mobile County Personnel Board. Weren't you previously employed with the Mobile County Personnel Board?
 "A Yes, I have been. If I left them off it was simply by mistake.
 "Q Well, the fact of the matter is that you were fired on September 1, 1982 by the Personnel Board, weren't you?
"A Yes.
 "Q All right. And you were fired for conduct unbecoming an employee in the public service and a lack of truthfulness and honesty, weren't you?
 "A Those were the reasons set out in my dismissal. They were not true.
 "Q All right. But those were the reasons found by Mr. Huffstetler, Dr. Rouse, Mr. McPherson, Mr. Freeman and Ms. Vaughn, the members of the Personnel Board, on November 18, 1982; weren't they?
"A Yes. . . ."
Davis argues that evidence of his prior arrests was improperly admitted. He cites Bracy v. Sippial Electric Co.,379 So.2d 582 (Ala. 1980), for the proposition that, in civil cases, evidence of a party's character and reputation is generally inadmissible. He also cites Dean v. Johnston,281 Ala. 602, 206 So.2d 610 (1968), and Meador v. State,37 Ala. App. 573, 72 So.2d 418 (1954), arguing that, while a prior conviction for a crime involving moral turpitude may be admitted to show a witness's credibility, the evidence elicited from him was inadmissible because it did not pertain to a crime of moral turpitude and was evidence only of an arrest, not a conviction.
Southland and Pettway counter by arguing that, although evidence of a party's character is generally inadmissible in civil cases, in an action for malicious prosecution or for false arrest in which the plaintiff alleges injury to his reputation, the plaintiff's bad general reputation is admissible in mitigation of damages. Key v. Dozier, 252 Ala. 631, 42 So.2d 254 (1949), C. Gamble, McElroy's AlabamaEvidence, § 38.02 (3d ed. 1977). They also argue that, in a case of this nature, evidence of the plaintiff's prior arrests is admissible to show that, in the light of the previous arrests, there was no serious injury to his reputation. Long v.Mann, 259 Ala. 17, 65 So.2d 500 (1953).
We agree with Southland and Pettway. As this Court stated inLong, supra:
 "This cross-examination of plaintiff bore directly on the question of whether or not his arrest in the case at bar would in fact have had a tendency to render him embarrassed or nervous or ill in view of his many previous trials and convictions in various courts."
It is undisputed that Davis had been arrested twice previously and that he now claims that the arrest for which he presently seeks damages injured his reputation. Considering this, we see no distinction between the present case and Long, supra.
Consequently, we follow the principles of law set out in that case and hold the evidence of plaintiff's prior arrests to have been properly admitted.
Davis's argument that the evidence was inadmissible because it only proved prior arrests, not convictions, is not persuasive. The opinion in Long, although referring to "convictions," nevertheless appears to stand for the proposition that, in *Page 401 
these narrow circumstances, evidence of prior trials or arrests is admissible, even though they did not result in a conviction. In any event, the above cited portion of the record concerning the prior arrests clearly shows that Davis admitted paying the fines incident to his previous arrests. It is axiomatic that the payment of a fine in a criminal case is evidence of a conviction. Therefore, any error in admission of the prior arrests was rendered harmless by the subsequent admission of evidence that Davis paid the fines resulting therefrom.
Furthermore, we also note that any error in the admission of Davis's prior arrests and convictions was not properly preserved for appeal because no specific objection was made. It is generally recognized that, in order to preserve an error for appeal, a specific objection, rather than a general objection, must be made. C. Gamble, McElroy's Alabama Evidence, § 426.01 (7) (3rd ed. 1977). This requirement has been incorporated in Rule 46, Ala.R.Civ.P., which provides, in pertinent part:
 "[F]or all purposes for which an exception has heretofore been necessary it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court and his grounds therefor. . . ."
This Court has frequently refused to consider an objection where it was not accompanied by specific grounds. Crawford CoalCo. v. Stephens, 382 So.2d 536 (Ala. 1980); Granberry v.Gilbert, 276 Ala. 486, 163 So.2d 641 (1964); Tankersley v.Webb, 263 Ala. 234, 82 So.2d 259 (1955). Although a specific objection is unnecessary where the evidence is patently inadmissible, Crawford Coal Co., supra, such is not the case here. Even though our courts of appeals have previously held that no specific objection is needed where irrelevant evidence of prior arrests is admitted, Rogers v. State, 34 Ala. App. 617,42 So.2d 642, cert. denied, 252 Ala. 670, 42 So.2d 643 (1949);Anderson v. State, 354 So.2d 1156 (Ala.Cr.App.), cert. denied,354 So.2d 1161 (Ala. 1977), those cases are easily distinguishable from the present action. They were not malicious prosecution actions in which the plaintiff made injury to his reputation an issue. The case sub judice is such an action, and, as stated above, prior arrests are admissible on the issue of damages. Therefore, the evidence of Davis's prior arrests was not patently inadmissible, and a specific objection should have been made.
Davis, likewise, failed to raise a specific objection to the admission of evidence of his court-ordered child support payments. We cannot say that this evidence was so patently inadmissible as to relieve Davis of his obligation to object. The cases in this area are clear that for evidence to be patently inadmissible, it must be illegal for any purpose and not capable of being made legal by other evidence or by otherwise framing the question. Satterwhite v. State,0364 So.2d 359 (Ala. 1978), C. Gamble, McElroy's Alabama Evidence, § 426.01 (1) (3d ed. 1977). The present evidence could have been made admissible had Southland and Pettway been able to pursue it more fully. The record clearly shows that, in addition to eliciting answers about the support obligations, Southland and Pettway showed these obligations to be pursuant to a court order and attempted to show that, as a result of those obligations, Davis has made several court appearances. Considering that Davis alleges humiliation and injury to his reputation by being subject to the judicial process, this evidence would have been admissible to show that, in view of his many court appearances, Davis is hardened to the judicial process and, therefore, was not injured by the alleged abuse thereof. Thus, the child support payments and the judicial proceedings surrounding them were admissible in mitigation of damages. Long, supra.
As to evidence of Davis's dismissal, not only was the objection thereto *Page 402 
general, but it was also untimely. Timely objection is a condition precedent to raising an error on appeal. Where a timely objection to the admission of evidence is not made, the party wishing to exclude the evidence cannot be heard to complain. Sanford v. Sanford, 355 So.2d 365 (Ala. 1978). In order to be timely, an objection to oral testimony must be made after the objectionable question is asked but before the objectionable answer is given. Error cannot be preserved (except in limited circumstances not applicable here) by an objection made after a responsive answer to the question posed is given. Lusk v. Wade, 259 Ala. 555, 67 So.2d 805 (1953). The record shows that Davis was asked about his dismissal, that he admitted being dismissed, admitted the reason for his dismissal (unbecoming conduct and lack of truthfulness), and even attempted to explain away his dismissal; only then, some three pages of transcript after the question concerning his dismissal was initially asked, did the following occur:
 "So since you were fired by the Personnel Board on September 1 of 19. . . .
 "MR. SIMMONS: I'm gonna object to all this questioning and testimony concerning the Personnel Board. I don't see where it has any relevancy in this case at bar today.
"THE COURT: Overruled."
There can be no doubt that Davis fully answered the earlier question without making an objection; therefore, the objection that was eventually raised was untimely. As a consequence, any error in the admission of the evidence of Davis's dismissal was, like the two previously alleged errors, not properly preserved for review by this Court. In any event, we think any error would have been harmless.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.