This is an appeal from a judgment on a jury verdict in favor of defendants in a suit based on false arrest and other causes of action not material here. Plaintiff, Wanda Ann Frison, was detained by Mr. Peek, the assistant manager of Delchamps Store No. 11, after being accused of shoplifting. She argues, in effect, that the court erred in instructing the jury that it was to determine whether Peek had probable cause to arrest her.
Code 1975, § 15-10-14(a), provides:
 "A peace officer, a merchant or a merchant's employee who has probable cause for believing that goods held for sale by the merchant have been taken by a person and that he can recover them by taking the person into custody may, for the purpose of attempting to effect such recovery, take the person into custody and detain him in a reasonable manner for a reasonable length of time. Such taking into custody and detention by a peace officer, merchant or merchant's employee shall not render such police officer, merchant or merchant's employee criminally or civilly liable for false arrest, false imprisonment or unlawful detention."
As we make out the argument, Frison contends that Peek did not have probable cause to detain her because the person who reported the shoplifting to him did not actually see her shoplifting.
Witness Jan Smith observed a person shoplifting shortly prior to the detention of Frison:
 "I was looking toward the pantyhose display and my husband was looking toward the cookie display and I just stopped dead because I observed a woman and another woman and some children . . . breaking open the pantyhose containers which were little eggs.
". . .
 "And I saw a woman break open one, . . . take the pantyhose out of the container[,] and then she turned away from me slightly and made a motion with her hand like stuffing and then put the egg back together and put it back on the shelf."
Smith testified that she looked so stunned that her husband asked her what was the matter. She testified that she answered, "[S]he's standing there taking pantyhose before God and everybody," in a loud enough voice that the shoplifter could have heard her.
When Smith and her husband reached the cash register line, Mr. Smith went to the service desk and told the assistant manager "what we saw." Thus, says Frison, the report of shoplifting was made by one who lacked personal knowledge of the incident. Jan Smith's testimony continues, however:
"Q. Did you then talk to the assistant manager?
"A. He came and asked me to point her out.
"Q. And that was Mr. Peek?
"A. Yes.
". . .
 "Q. You picked out the one that you had locked eyes with?
"A. Eyes with, yes.
"Q. And you told Mr. Peek? *Page 480 
"A. Yes.
". . .
 "Q. Was there any doubt in your mind that you had picked out the person that you saw break open the container that evening?
"A. No, sir, no doubt."
Frison cites Gulf States Paper Corp. v. Hawkins,444 So.2d 381 (Ala. 1983), and Birwood Paper Co. v. Damsky, 285 Ala. 127,229 So.2d 514 (1969), in support of her argument that the trial court should not have submitted the question of probable cause to the jury. Delchamps asserts that those cases establish only that when the facts are undisputed the question of probable cause is a question of law for the court, and cites Bank ofCottonwood v. Hood, 227 Ala. 237, 149 So. 676 (1933), as holding that there is a question for the jury if there is a dispute as to whether defendant had probable cause.
We note that the pertinent case cited in Bank of Cottonwood
held that, in a malicious prosecution case, when the facts are controverted the jury is to determine what facts exist and the court is to determine whether those facts constitute probable cause. Molton Realty Co. v. Murchison, 212 Ala. 561,103 So. 651 (1925). The principal distinction between the two cases cited by Frison and the one cited by Delchamps, however, is that Gulf States and Birwood Paper were malicious prosecution cases, and Bank of Cottonwood was a false imprisonment case. InBank of Cottonwood, the Court held that "the principle that the question of probable cause is a question of law for the court . . . is limited to suits for malicious prosecution, and is not applicable to actions for false imprisonment." 227 Ala. at 241,149 So. at 679 (citations omitted). See Alabama Digest, FalseImprisonment, Key No. 39.
Because probable cause is a jury question in false arrest cases, and because there was evidence which would support a finding of probable cause, the trial court did not err in submitting the question of probable cause to the jury. The judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, BEATTY and HOUSTON, JJ., concur.