PITTMAN, Judge.
 

 L.H. (“the mother”) appeals from a judgment of the Lee Juvenile Court (“the juvenile court”) that adjudicated her children dependent, divested her of the legal custody of the children, and transferred custody to the Lee County Department of Human Resources (“DHR”). We affirm.
 

 The record reflects that the mother had four of her six children with R.H. (“the father”). The four children were living with the mother when DHR began its investigation of the family upon finding that the father’s brother, C.H. (“the uncle”) had molested a cousin of those children. At the time, the uncle was the mother’s paramour and was living with the mother and the children. The mother’s other two children were living in other households at the time of trial, and were not made part of this case. The children were three girls aged 5, 8, and 11 years as of the trial, and one boy, aged 3 years.
 

 After conducting extensive interviews with the three oldest of the children, in March 2009 the DHR filed dependency petitions with regard to each of the four children alleging, among other things, that one of them had been sexually abused by the uncle and that the mother was unable to protect the children. The children were placed in foster care under the supervision of DHR pending an adjudicatory hearing. After several intermediate procedural steps, an adjudicatory hearing was held in May 2009. At that hearing, the father, the mother, a specialist who had interviewed the children, a foster-care worker, and a DHR caseworker testified, and the children’s guardian ad litem (“GAL”) presented her recommendations to the court. At the end of the hearing, the juvenile court recited its findings of fact, stating that the children had been neglected, if not abandoned; that one of the children — the eight-year-old girl — had been sexually abused by
 
 *749
 
 the uncle; and that the mother had failed to protect that child. The court adjudicated each of the four children to be dependent and determined that it was in the best interests of the children that they remain in foster care.
 

 The mother’s first contention on appeal is that DHR failed to present clear and convincing evidence that the children were dependent. A “dependent” child is defined in current Alabama law as a child who “is in need of care or supervision” in the judgment of an Alabama juvenile court and who meets any of several circumstances listed in several subsections of the pertinent statute, Ala.Code 1975, § 12-15-102(8)(a). Subsection (1) provides that one of those circumstances exists when a child’s “parent ... or other custodian subjects the child or any other child in the household to abuse, as defined in subdivision (2) of Section 12-15-301 or neglect as defined in subdivision (4) of Section 12-15-301, or allows the child to be so subjected.” Section 12-15-301(2) defines “abuse” so as to include “the risk of harm to the emotional ... health ... of a child,” which “can occur through ... sexual abuse, or attempted sexual abuse.... ”
 

 The Alabama juvenile statutes were rewritten by sweeping amendments made effective January 1, 2009, in the Alabama Juvenile Justice Act of 2008. As these proceedings were initiated by the DHR in March 2009, the new Act governs this case. Remaining in place in the new Act are two essential principles. First, clear and convincing evidence, as discussed in, for example,
 
 J.B. v. Cleburne County Dep’t of Human Res.,
 
 992 So.2d 34, 40 (Ala.Civ.App.2008), still is required to support a finding of dependency.
 
 See
 
 Ala.Code 1975, §§ 12-15-310(b) and 12-15-311(a). Second, the best interests of the child remain the standard for a juvenile court’s determination that a child should be removed from its family.
 
 See
 
 Ala.Code 1975, § 12-15 —101(b)(2)—(3);
 
 G.L. v. State Dep’t of Human Res.,
 
 646 So.2d 81, 84 (Ala.Civ.App.1994).
 

 The standard of appellate review of a child custody judgment based on ore tenus evidence is deferential: “Matters of dependency and child custody are within the discretion of the trial court. Where ore tenus evidence is presented, the judgment of the trial court is presumed correct and will be reversed on appeal only upon a showing that it was plainly and palpably wrong.”
 
 F.G.W. v. S.W.,
 
 911 So.2d 1, 5 (Ala.Civ.App.2004) (citing cases).
 

 As the mother notes, a finding of dependency must be supported by clear and convincing evidence, and the new Act does not change that principle.
 
 See
 
 Ala. Code 1975, §§ 12-15-310(b); 12-15-311(a). “Clear and convincing” evidence may be defined, by reference to similar terms used in other procedural contexts, as “[e]vi-dence that, when weighed against evidence in opposition, will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion.”
 
 M.E. v. Shelby County Dept. of Human Resources,
 
 972 So.2d 89, 92-93 (Ala.Civ.App.2007).
 

 In this case, both the mother and the father testified that they believed that the uncle had sexually abused one of the children. In forensic interviews, the oldest child stated that she had witnessed the sexual abuse on more than one occasion. The mother admitted to allowing the uncle to have access to the children after the first suggestions of sexual abuse were brought to the mother’s attention. In interviews, the children stated that the mother at first would not believe them when they complained to her of the uncle’s sexual abuse. The foster-care worker tes
 
 *750
 
 tified that she had perceived that, even after everything that had transpired, the mother still seemed to be protective of the uncle. The foster-care worker further testified that the youngest child, the three-year-old boy, ate “uncontrollably,” even from trash bins. At trial, the father’s counsel, the foster-care worker, counsel for the DHR, and the GAL all recommended to the court that the children remain in foster care. Finally, the foster-care worker advised the court that all four children were suffering from emotional problems, but had improved while in foster care pending the adjudicatory hearing. Given the deferential standard of review that applies to this case, and the evidence before the trial court, we cannot say that the juvenile court did not hear evidence that reasonably could produce in its mind a firm conviction as to each essential element of DHR’s claims and a high probability as to the correctness of a conclusion that the children’s best interests would be served by their remaining in foster care.
 

 The mother’s second contention on appeal is that out-of-court statements of the children, provided in interviews conducted by the DHR, were improperly admitted into evidence at trial. The new Act, § 12-15-310(e), provides that statements of children under 12 describing sexual acts performed on them may be admissible in a dependency case if certain procedural safeguards are observed. The mother attempts to raise a constitutional confrontation-rights question regarding this issue, but at trial, the court asked the mother’s counsel whether he had any objection to the admission of the children’s interviews. The mother’s counsel said, “No sir, Judge. I have no objection.” It is settled law that when a party does not object to the admission of evidence, that issue is not preserved for appeal.
 
 See, e.g., Davis v. Southland Corp.,
 
 465 So.2d 397, 401 (Ala.1985). Therefore, we cannot reverse the juvenile court’s judgment on this issue.
 

 Based upon the foregoing facts and authorities, we affirm the judgment of the juvenile court.
 

 AFFIRMED.
 

 THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.