31 So.2d 328

**DENNEY et al. v. STATE.**

6 Div. 564.

Supreme Court of Alabama.

June 19, 1947.

Rehearing Denied July 31, 1947.

D. H. Markstein, Jr., of Birmingham, for appellants.

Rufus E. Elliott, of Birmingham, for Juvenile and Domestic Relations Court.

LIVINGSTON, Justice.

Proceedings to determine the custody of two minors. The children are four and two years of age, respectively, and are the sons of Jeanne Denney by different fathers. The older child, Duane Lavel Stanford, is the son of Alvin Stanford, and the younger child, Walter Christopher Denney, is the son of James H. Denney.

During the war years of 1942 and 1943, Jeanne Chalk, who is now known as Jeanne Denney, resided in Chattanooga, Tennessee. Alvin Stanford, a member of the United States Armed Forces, was stationed at nearby Camp Forrest. The parties met and after a time Jeanne Denney became pregnant by Stanford. She says that she and Stanford were to be married, but that Stanford was transferred to Texas, and from Texas to California: that in the meantime their son was born. That when their child was about five months old, she went to California where she and Stanford were married. That in about a month Stanford became dissatisfied and wanted her to divorce him; that she did divorce him, and returned to Chattanooga about November 1943. That after she returned to Chattanooga she met James H. Denney, a married man, who was then living there. Denney moved to Birmingham, Alabama, in January 1944, and Jeanne Denney followed shortly thereafter. Before moving his wife and child to Birmingham, James H. Denney occupied an apartment in Birmingham with Jeanne Denney, and they lived together as husband and wife. Later Denney moved his wife and child to Birmingham. The minor Walter Christopher Denney was born in November 1944, and subsequent to that time James H. Denney rented an apartment at 3301 Cliff Road for Jeanne Denney, and which she and the two minors were occupying when this proceeding was instituted. James H. Denney has acknowledged that he is the father of the minor Walter Christopher Denney, and has, if he may do so (which we do not here decide), legitimated said minor under the provisions of section 11, Title 27, Code of 1940.

James H. Denney pays the rent on the apartment, and contributes some twenty or twenty-five dollars per month to the support of Walter Christopher Denney. Jeanne Denney is employed by the La Dame Cleaners at a salary of thirty dollars per week. She employs a maid to care for the minors while she is at work.

The incident, which we feel precipitated the investigation leading to this proceeding, occurred on or about January 14, 1947. The minors were found in the apartment alone at a late hour at night. The Stanford child was on the front porch of the apartment exposed to the weather and was crying and distressed. The other child was asleep in the apartment. The mother was away, and the neighbors hearing the cries of the Stanford child called the officers of the law, who went to Jeanne Denney's apartment and awaited her return. She gave the following explanation of her absence: Alvin Stanford, whom she had not seen since she divorced him in 1943, came to Birmingham and called her in the afternoon. She told

him she did not want to see him. That night he came to her apartment, but she refused to let him in. Upon his insistence, she went out to his car, parked in front of the apartment, where they sat for some time: that Stanford insisted that they go for barbecue or sandwiches, but before going she went into the apartment and both children were asleep: that she and Stanford were gone about an hour, and during that time the Stanford child awoke, cried and aroused the neighbors.

On the petition of J. R. Davis, a police officer, the Juvenile and Domestic Relations Court of Jefferson County committed the care, custody and control of the minors to the Department of Public Welfare of Jefferson County. In the case of the Stanford child, Jeanne Denney appealed to the Circuit Court, in Equity, of Jefferson County, and in the case of the Denney child, she and James H. Denney appealed. Upon the agreement of the parties, the trial court consolidated the two appeals and they were heard together. The circuit court, in equity, made and entered a decree dismissing the appeals and remanding the causes to the Juvenile and Domestic Relations Court of Jefferson County for its further orders. From that decree, this appeal is prosecuted.

■ The decree of the trial court does not contain a finding of facts, and we will indulge in no detailed discussion of the testimony. We are fully mindful that the conclusions of the trial judge, earnestly arrived at after hearing and seeing those involved, are to be given due weight. Sometimes he is said to have a discretion. If a discretion, in the ordinary sense, it is a judicial, reasonable discretion. Indeed, it is a judicial finding upon a most delicate far reaching issue. But we cannot evade our responsibility by letting it rest with the trial court: when convinced that he has erred, we must so hold. Here, we are so convinced.

■ This case is governed by the statute relating to "all dependent, neglected, or delinquent children," as defined therein. Sections 310-311, Title 62, Code. It is clear enough these children of tender age are not delinquent children as defined by the statute, nor do we find them dependents within the influence of said statute. The case must rest upon the definition of a "neglected child," as found in section 311, supra. And as to the proof, the case rests upon proof tending to show the mother is living an immoral life, and to such extent that her home is unfit or an improper place for such children.

We have read the record with care. There are some circumstances tending to reflect upon their mother's conduct as to Denney, the admitted father of the younger child. Upon due consideration, we do not think the evidence suffices to convict their mother of now living an immoral life, and we do not consider these children are neglected children within the meaning of the statute. We feel that the custody of these two minors should be awarded to their mother. But should it afterwards appear that the mother's conduct dictates a change of custody in the best interest of the minors, the court is open to a modification of this decree.

The decree of the trial court is reversed, and one here rendered awarding the custody of Duane Lavel Stanford and Walter Christopher Denney to Jeanne Denney.

Reversed and rendered.

GARDNER, C. J., and FOSTER, LAWSON, and STAKELY, JJ., concur.

BROWN and SIMPSON, JJ., dissent.