106 So.2d 655

Susie BIANCO
v.
Margaret GRAHAM, Director, etc., et al.
8 Div. 924.

Supreme Court of Alabama.
Nov. 20, 1958.

John Patterson, Atty.Gen., and Alvin T. Prestwood, Asst. Atty. Gen., for appellees.

Wm. Stell, Russellville, and Warren S. Reese, Jr., Montgomery, for appellant.

STAKELY, Justice.

This proceeding involves a dispute over the custody of a minor child. The child is a bastard of about four years of age. It had been placed in the custody of Susie Bianco by its mother a few months after its birth. The child was removed from the custody of Susie Bianco by Margaret Graham, Director of Franklin County Department of Pensions and Security. Mrs. Bianco filed in the circuit court a bill in equity and amendment thereto against Margaret Graham, Dr. J. S. Snoddy, Commissioner, State Department of Pensions and Security, and Mrs. Edward Gresham as Director of Bureau of Child Care, alleging that Margaret Graham took the minor child from the custody of the complainant without permission or consent and without a hearing by any court. The court ordered the child to be returned to the temporary custody of complainant pending the final disposition of the proceeding. This order was not complied with and the complainant filed a petition praying that the respondents be required to appear and show why they have not complied with the decree and why they are not in contempt of court. The court granted the petition. The respondents filed an answer and cross bill alleging that Margaret Graham took custody of the child pursuant to an order by the Judge of Probate of Franklin County.

The cross bill prayed that the court rescind the temporary order, which demanded that the child be returned to the complainant, and also that a time be set for a hearing and determination on the merits of the cause. The complainant filed a demurrer to the cross bill. The circuit judge overruled the demurrer and also set aside the former order commanding the respondents to show cause why they should not be punished for contempt. A date was set for a hearing of the case on its merits. Upon the completion of this hearing the court entered a decree committing the child to the permanent care, custody and control of the State Department of Pensions and Security. From this decree Susie Bianco (appellant) brings this appeal.

For a thorough understanding of this case we call attention to the fact that this case has been before this court once before in a case styled Ex parte Graham, 266 Ala. 1, 95 So.2d 390. In that case this court held that the Circuit Court of Franklin County, in Equity, has jurisdiction of this case since no prior proceeding had been filed or was pending for the custody of the child in the juvenile court of Franklin County.

■ It is insisted that the court erred in overruling the demurrer to the cross bill. Appellant's argument and cited cases tend to show that a cross bill is not required in order for the court to grant the custody of a child to the complainant or the respondent. Therefore, the cross bill was unnecessary and hence without equity. Assuming, without deciding, that the court should have sustained the demurrer to the cross bill, we fail to see how such error injuriously affected the appellant's substantial rights. Had there been no cross bill the hearing would not have been affected and the child could still have just as well been placed in the custody of the respondent. Chafin v. Chafin, 254 Ala. 36, 47 So.2d 202. The overruling of the demurrer constituted harmless error if any error at all and under Supreme Court Rule 45, Code of Alabama of 1940, Title 7, 1955

Cumulative Pocket Part, this court will not reverse or set aside a judgment unless the error complained of has probably injuriously affected substantial rights of the parties. Brown v. Powers, 167 Ala. 518, 52 So. 647; Thurlow v. Berry, 247 Ala. 631, 25 So.2d 726; Farmers' State Bank v. Kirkland & Brackin, 200 Ala. 146, 75 So. 894.

■ It is contended by the appellant that the respondents should not have been heard in this case because they had been adjudged in contempt of court. However, the circuit court by its decree set aside, revoked and rescinded its former ruling to the effect that respondents were in contempt of court. This ruling effectively purged the respondents of contempt and hence they were entitled to be heard in this cause. Ex parte Vaughn, 205 Ala. 296, 87 So. 792; Crabtree v. Baker, 75 Ala. 91.

■ ■ Appellant relies on the principle that a court of equity having once obtained jurisdiction over minor children, retains such jurisdiction during their infancy. Rosa v. Underwood, 235 Ala. 447, 179 So. 530; Ex parte Ingalls, 256 Ala. 305, 54 So. 2d 288. It is then argued that because of this principle the lower court's decree and amended decree granting permanent custody of the child was error, that by decreeing permanent custody the court had divested itself of jurisdiction over the child which it had no authority to do. This argument is not valid. In the case of Decker v. Decker, 176 Ala. 299, 58 So. 195, the equity court rendered a decree granting permanent custody of a minor child to the appellee. The appellant complained on appeal that the decree undertook erroneously to make the custody permanent. This court held that:

"The court had no power, and we assume it did not intend, to foreclose future action on the subject-matter of the child's custody, in case it shall be presented to a court of competent jurisdiction on some material change

of status. The decree is conclusive of the interests of the child and the rights of the parents, so long as the status of the time of the decree remains without material change; but at any time the court will, on proper application and a hearing, make such dispositions as may seem right and proper in view of changed circumstances. So construed, the decree ought to be affirmed."

■ Appellant insists that only dependent or neglected children can be awarded to the State Department of Pensions and Security by the courts and cities as authority for this position Chapter 7, Title 13, Code of 1940 and Denney v. State, 249 Ala. 459, 31 So.2d 328. We point out that the chapter of the code cited above is entitled "Juvenile Courts" and does not purport to define the powers of any courts other than juvenile courts. The Denney case, supra, originated in the juvenile court and Chapter 7 would, therefore, be applicable to that case. The present case was heard on its merits in the equity side of the circuit court. There are numerous cases holding that all matters affecting custody of infants are inherently within the jurisdiction of equity courts. Lumpkin v. Meeks, 263 Ala. 395, 82 So.2d 535; Whitfield v. Saulsberry, 247 Ala. 690, 26 So.2d 93; Powell v. Johnson, 213 Ala. 259, 104 So. 525. Regardless of this, however, the child was found by the circuit court to be a "neglected" child. Quoting from the final decree:

"(T)he court is of the opinion that the minor child involved in these proceedings * * * is a neglected child and is in need of the care and protection of the State * * *."

Therefore, appellant's proposition that only dependent or neglected children may be awarded to the State is not applicable to this cause. Besides, as pointed out above, this court has held that the Circuit Court of Franklin County, in Equity, has jurisdiction of this case. Ex parte Graham, 266 Ala. 1, 95 So.2d 390.

Appellant has argued and cited cases to the effect that even though the parent of a child "was in the habit of drinking to excess" this was not sufficient to authorize the taking of the child from the parent. The cases cited in support of this proposition involve a natural parent and a child. It is notable that courts have been reluctant to separate a child from its natural parents. Striplin v. Ware, 36 Ala. 87; Montgomery v. Hughes, 4 Ala.App. 245, 58 So. 113; Stoddard v. Bruner, 217 Ala. 207, 115 So. 252; Campbell v. Sowell, 230 Ala. 109, 159 So. 813. The present case does not involve a parent and child relationship and so the cases cited by appellant do not apply.

The appellant argues that the evidence presented in this case was insufficient to prove the appellant guilty of adultery. This proposition is irrelevant to the present cause. This case is not concerned with whether the appellant is or is not guilty of adultery.

██ ██ It is further contended that the burden of proof in this case was on the respondents. Even if this were true, the decree was rendered after a lengthy hearing and was had on the merits in the trial court. The trial judge observed all of the many witnesses and examined several of them himself. We consider that the burden was amply met. The well established rule is that where testimony is taken ore tenus before a trial judge, the trial court's finding will not be disturbed on appeal unless palpably wrong. Eddleman v. Cade, 261 Ala. 154, 73 So.2d 362; Pritchett v. Wade, 261 Ala. 156, 73 So.2d 533; Sparkman v. Williams, 260 Ala. 472, 71 So.2d 274. A careful and considered examination of the record discloses to us that the court acted within its discretion and its decision was not palpably against the evidence.

We are, therefore, of the opinion that the decree should be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.