This case began as an action filed in August 1989 by Chuck Pardue and Downtown Stadium Inn, Inc. ("DSI"), as lessors, to recover damages for breach of a lease agreement executed in March 1988. Pardue and DSI ("the plaintiffs") alleged that the lessees, Robert D. Potter, Terry Lee Bell, Dorothy Babb, and Alexander Haas, individually, and Potter and Bell as agents of lessee businesses ("the defendants"), had breached the lease agreement by failing to pay rent due and by wrongfully continuing to possess the leased premises. The defendants answered, denying all claims in the complaint; they filed a counterclaim alleging breach of contract, interference with the operation of the defendants' businesses, and the tort of outrage.
In September 1989, the plaintiffs obtained from the circuit court a writ of attachment directing the sheriff to attach property of the defendants worth $5,936, in satisfaction of the defendants' indebtedness to the plaintiffs. The plaintiffs also filed an amended complaint and specified further damages. Specifically, *Page 471 
the plaintiffs claimed that the defendants had failed to pay agreed-upon fees and had failed to perform or had incorrectly performed agreed-upon acts of maintenance and repair, and had thereby caused further monetary loss to the plaintiffs.
In October 1990, Pardue filed a petition for Chapter 11 bankruptcy with a bankruptcy court in Georgia and attached to the petition a "Schedule A-3" that listed the defendants as "unsecured creditors with a disputed debt." The plaintiffs claim that notice of the pending bankruptcy action was sent to then-counsel for all the defendants and to the Madison County Circuit Court, which stayed the civil case pending in that court. The plaintiffs also state that their creditors were notified of the "claims bar" date of March 5, 1991, after which creditors' claims against the plaintiffs would be barred, and that none of the defendants filed a "Proof of Claim" with the bankruptcy court by the March deadline.
Apparently in response to receiving notice of the pending bankruptcy action, the Madison County Circuit Court entered the following order in January 1991:
 "The court being advised that the plaintiff Chuck R. Pardue (and Downtown Stadium Inn, Inc., as an asset of Chuck R. Pardue) have filed a petition in Bankruptcy Court, it is ORDERED by the court, pursuant to Ala. Code 1975, § 6-7-30, that this action will be dismissed without prejudice as to said plaintiffs unless within sixty (60) days the plaintiffs obtain from the Bankruptcy Court and file in this court leave to further prosecute this claim against said defendants."
In May 1991, the plaintiffs filed a motion in the Madison County Circuit Court to dismiss the defendants' counterclaim, based on Pardue's bankruptcy proceeding; his listing the defendants as creditors in that proceeding; and the defendants' failing to request the bankruptcy court to lift the automatic stay of the civil action in the state court.[1] On May 31, 1991 (despite his January 1991 order), the Madison County circuit judge wrote the following memorandum order on the plaintiffs' motion to dismiss the counterclaim:
 "No action will be taken in this case until the circuit court is notified that the plaintiff's (Chuck R. Pardue's) bankruptcy case, involving its asset Downtown Stadium Inn, Inc., has been resolved in such a way that this court can proceed."
Meanwhile, according to the plaintiffs, Pardue filed, in the bankruptcy proceeding, a "Disclosure Statement" and a "Chapter 11 Plan," and all creditors were then notified of a July 1991 meeting for consideration of the Disclosure Statement and of the status of all creditors. The plaintiffs also claim that the defendant Haas attended one of Pardue's bankruptcy hearings.
On November 14, 1991, the bankruptcy court's "Claims Register" was printed, listing Pardue's creditors. The defendants were not listed as creditors. Pardue's Chapter 11 Plan was confirmed by the bankruptcy court on December 26, 1991, and Pardue received a final order of Chapter 11 bankruptcy on October 19, 1992.[2]
On June 7, 1993, the plaintiffs, in this state action, filed a motion for summary judgment as to the defendants'counterclaims, supported by Pardue's affidavit. The plaintiffs argued that, under the Bankruptcy Code, a petition in bankruptcy automatically stays any pending action against the debtor (11 U.S.C. § 362(a)(1)); that the stay remains in effect until the case in bankruptcy is closed (11 U.S.C. § 362(c)); and that the bankruptcy court may lift a stay at the request of a "party in interest" and after notice and hearing (11 U.S.C. § 362(d)).
The plaintiffs also argued that the stay of the circuit court action was sufficient notice *Page 472 
to the defendants that the defendants bore the burden of having the stay lifted or of proceeding against the plaintiffs in thebankruptcy court. However, say the plaintiffs, despite this notice, the defendants "slept on their rights" and 1) did not file a creditor's "Proof of Claim" against the debtor in the bankruptcy action by the March 5, 1991, deadline; 2) did not move to lift the stay of the circuit court action; and 3) did not become adversaries in the bankruptcy action. According to the plaintiffs, the defendants were properly not listed on the "Claims Register"; therefore, say the plaintiffs, the defendants lost their rights against the plaintiffs when the bankruptcy court entered its judgment granting Pardue a discharge in bankruptcy.
The defendants filed a document in opposition to the summary judgment motion and filed a memorandum of law, contending that the entire action should be dismissed with prejudice because, they said, the circuit court was without jurisdiction in the case. The defendants argued that, under 11 U.S.C. § 541(a), Pardue's filing of the petition in bankruptcy created an estate
that included "all legal and equitable interests" and "property" of Pardue as of that date, which, according to the defendants, included the plaintiffs' cause of action being presented in the state court.
The defendants pointed out that 11 U.S.C. § 1123(b)(3)(B) allows the debtor to include in the "Plan" submitted to the bankruptcy court a means of retaining and enforcing the debtor's pending causes of action. Therefore, say the defendants, because Pardue did not include this provision in his plan, he abandoned the pending state action against the defendants and the entire action should be dismissed.
On June 28, 1993, the trial court entered an order granting the defendants' motion to dismiss with prejudice, holding that the plaintiffs' action in the circuit court seeking to enforce claims against the defendants was an asset of Pardue's estate in bankruptcy, and that Pardue had failed to include in the plan for bankruptcy a provision for preserving and enforcing the action in the circuit court. The plaintiffs appeal from the circuit court's judgment of dismissal.
Under 11 U.S.C. § 362(a), (b), and (c), the automatic stay of the pending action in the Madison County Circuit Court was continuous until Pardue's case in bankruptcy was closed or until the bankruptcy court, upon application and hearing, granted relief from the stay. The plaintiffs argue that, because the defendants did not file claims against Pardue's "estate in bankruptcy"; because the defendants did not request a lifting of the stay by the bankruptcy court; and because the defendants did not attempt to litigate their claims against Pardue in the bankruptcy action, they have waived any right to continue their counterclaim action against Pardue. We agree.
We also find significance in the absolute language of11 U.S.C. § 1141. Under subsection (b) of § 1141, the bankruptcy court's confirming Pardue's "Plan" vested all of Pardue's property in his estate in bankruptcy; and, under subsection (d), Pardue was discharged "from any debt that arose before the date of such confirmation," unless the debt had been provided for in Pardue's "Plan."
However, our inquiry does not end here. Pursuant to11 U.S.C. § 541(a)(1), Pardue's filing of a petition in bankruptcy created an "estate" that included, among other things, "all legal or equitable interests of the debtor in property as of the commencement of the case." In the "Notes of Committee on the Judiciary, Senate Report No. 95989," which follow the text of § 541, we read that the scope of paragraph (a)(1) "is broad" and "includes all kinds of property, including . . . causes of action." Indeed, in their brief to this Court, the plaintiffs themselves state that the cause of action involved in this case is property of Pardue's estate in bankruptcy.
The duties of a "trustee in bankruptcy" are set out at11 U.S.C. § 704 and 1106 — those duties, pursuant to § 1107, devolve to the "debtor in possession" when there is no trustee. Therefore, under the facts of this case, Pardue, the debtor in possession without a trustee, was a fiduciary of his own estate in bankruptcy and was under a duty to gather and provide for the correct administration *Page 473 
of the property of his estate in bankruptcy.
Under 11 U.S.C. § 1123(b), the debtor's "Plan" may include a provision for the retention and enforcement of a cause of action (and a cause of action, as noted above, is an asset of the "estate"). While § 1123(b) is not mandatory, it does provide the means to protect a debtor's interest in a pending action if the debtor desires to do so. Pardue, however, did not include a § 1123(b) provision in his "Plan" to retain and enforce the pending state action against these defendants; therefore, we hold that Pardue's failure to provide for the continuation of the state court action, as an asset of his estate in bankruptcy, was tantamount to abandonment of this asset. In other words, Pardue's failure to take advantage of the protection afforded by § 1123(b) yields the same result as the defendants' failure to respond to Pardue's notice of his filing for bankruptcy: Pardue waived his right to proceed in the pending state action by not providing in his bankruptcy "Plan" for the retention and enforcement of the cause of action in the present case.
We hold, therefore, that the trial court correctly dismissed the entire action with respect to Pardue; thus, its judgment of dismissal as to Pardue is due to be affirmed.
The trial court also dismissed the entire action with respect to DSI. Although DSI appealed from that dismissal, the parties do not address, nor do they ask this Court to address, any issue with respect to the status of DSI, either as a plaintiff or as a counterclaim defendant. Issues not argued in the appellant's brief are waived. Deutcsh v. Birmingham Post Co.,603 So.2d 910 (Ala. 1992); Bogle v. Scheer, 512 So.2d 1336
(Ala. 1987). Therefore, the judgment is affirmed as to DSI.
This opinion was prepared by retired Justice RICHARD L. JONES, sitting as a Justice of this Court pursuant to §12-18-10(e), Ala. Code 1975, and it is hereby adopted as that of the Court.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON, STEAGALL, KENNEDY, INGRAM and COOK, JJ., concur.
[1] Ala. Code 1975, § 6-7-30, provides, in pertinent part, as follows:
 "In any civil action in any court in this state . . . in which a defendant [or, as here, the counterclaim defendant, Pardue] has filed a petition in bankruptcy . . ., it shall be the duty of the court in which such civil action is pending to proceed with the trial of such action, if leave to do so is granted by the bankruptcy court. . . ."
(Emphasis supplied.)
[2] For reasons not apparent to this Court, Pardue's bankruptcy "Plan" was not made a part of the record.