THOMAS, Judge.
S.D. (“the mother”) appeals from a judgment of the Calhoun Juvenile Court deter *972 mining that J.S.F. is the father of J.T. (“the child”), awarding custody of the child to J.S.F., and ordering the child’s surname changed to that of J.S.F. We affirm.
At the time of the child’s birth, the mother was involved in a relationship with E.C.T.; the mother and E.C.T. were not married. E.C.T. signed an affidavit of paternity when the child was born, asserting that he was the child’s father. On April 15, 2010, the Department of Human Resources (“DHR”) filed a petition in the juvenile court alleging that the child was dependent. J.S.F. intervened in the dependency action, alleging that he was the biological father of the child. On July 12, 2010, the juvenile court held a hearing on DHR’s petition and, on the same date, entered an order adjudicating the child dependent and awarding custody of the child to DHR.
At the hearing on its petition, DHR moved the juvenile court to dismiss J.S.F. as a party to the action, arguing that the affidavit of paternity signed by E.C.T. precluded J.S.F. from challenging E.C.T.’s paternity of the child. At the same hearing, J.S.F. moved the juvenile court to order genetic testing to determine the paternity of the child. The juvenile court entered an order denying DHR’s motion to dismiss J.S.F. as a party and granting J.S.F.’s motion for genetic testing on July 13, 2010.
On July 19, 2010, DHR filed a motion for partial summary judgment, again arguing that, based on E.C.T.’s affidavit of paternity, E.C.T. was the child’s presumed father and that J.S.F. was precluded from challenging E.C.T.’s paternity of the child. The child’s guardian ad litem, who had been appointed by the juvenile court as part of the dependency action, filed a motion in opposition to DHR’s motion for a partial summary judgment. In his motion in opposition, the guardian ad litem argued that the results of the genetic testing had shown that J.S.F., not E.C.T., was the biological father of the child. The guardian ad litem also argued that the testimony at the July 12, 2010, hearing showed that the mother and E.C.T. knew that the affidavit of paternity was untrue at the time it was signed and that, accordingly, it should be set aside. The juvenile court denied DHR’s motion for a partial summary judgment.
On September 10, 2010, J.S.F. moved the juvenile court to adjudicate him as the child’s father, to award him custody of the child, and to order the child’s surname changed to that of J.S.F. On November 1, 2010, E.C.T. executed an affidavit acknowledging that he is not the child’s biological father and repudiating his paternity of the child. The juvenile court held a hearing, and, on December 28, 2010, it entered a judgment acknowledging E.C.T.’s repudiation of paternity, adjudicating J.S.F. as the father of the child, awarding custody of the child to J.S.F., and ordering the child’s surname changed to that of J.S.F.
The mother filed a postjudgment motion, arguing, among other things, that the juvenile court did not have jurisdiction to order a change in the child’s surname.[1] *973 The mother’s postjudgment motion was denied by operation of law, and the mother timely appealed to this court.
The mother argues on appeal that the juvenile court lacked subject-matter jurisdiction to order the child’s surname changed. Specifically, the mother argues that the probate court has exclusive jurisdiction to order a change in a child’s name. In support of her argument, the mother cites § 26-11-3, Ala.Code 1975, and this court’s decision in T.L.H. v. R.A.R., 977 So.2d 482 (Ala.Civ.App.2007). Section 26-ll-3(a) provides that
“[t]he father may petition at the time of filing the declaration of legitimation or at any time subsequent to the determination of legitimation to change the name of such child, stating in his declaration the name it is then known by and the name he wishes it afterwards to have. Such petition shall be filed in the office of the judge of probate of the father’s residence or the child’s residence.”
(Emphasis added.) In T.L.H., 977 So.2d at 486-87, this court, citing § 26-11-3, held that the probate court had exclusive jurisdiction to order a change to a child’s surname. In deciding T.L.H., we stated that our review of the statutes and caselaw revealed none that granted the juvenile court the authority to change a child’s surname. Id. at 487.
On January 1, 2009, after our decision in T.L.H., Act No. 2008-376, Ala. Acts 2008, became effective. Among the changes to statutes made by Act No. 2008-376, § 26-17-636, Ala.Code 1975, was added to the Alabama Uniform Parentage Act. Section 26-17-636(e) provides that, in an action to adjudicate paternity, “[o]n request of a party and for good cause shown, the court may order that the name of the child be changed.” Actions to establish paternity are within the original jurisdiction of the juvenile court. See § 12 — 15—115(a)(6), Ala. Code 1975 (stating that the juvenile court has original jurisdiction over “[proceedings to establish paternity or maternity of a child pursuant to the Alabama Uniform Parentage Act, Chapter 17 of Title 26”). Section 26-17-636(e) expressly grants the juvenile court authority to order the child’s name changed while it is exercising its jurisdiction over an action to adjudicate the paternity of that child.
In this case, the juvenile court was exercising its jurisdiction over J.S.F.’s motion to establish his paternity of the child when it entered its judgment that, in part, ordered a change in the child’s surname. Thus, pursuant to § 26-17-636(e), the juvenile court had subject-matter jurisdiction to order the child’s surname changed to that of J.S.F.[2] We therefore affirm the judgment of the juvenile court.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.

. Rule 1(B), Ala. R. Juv. P., provides that a postjudgment motion in a juvenile case must be filed within 14 days of the entry of the judgment. The mother’s postjudgment motion in this case was filed on January 12, 2011- — 15 days after the entry of the judgment of the juvenile court. However, the office of the clerk was closed on January 11, 2011, due to inclement weather. Rule 6(a), Ala. R. Civ. P., provides that when the last day to make a filing in a court falls on "a day on which weather or other conditions have made the office of the clerk of the court inaccessible, ... the period runs until the end of the next day that is not one of the aforementioned days.” The mother filed her postjudgment motion on the next day that the office of the *973 clerk was accessible; therefore, her post-judgment motion was timely filed.

. The mother does not present any argument on appeal as to whether the evidence before the trial court was sufficient to support its finding that the child’s surname should be changed to that of J.S.F. Therefore, the mother has waived any argument on appeal concerning that issue. See Pardue v. Potter, 632 So.2d 470, 473 (Ala.1994) (“Issues not argued in the appellant's brief are waived.”).