THOMPSON, Presiding Judge.
In late March 2010, the Jefferson County Department of Human Resources (“DHR”) filed petitions in the Jefferson Juvenile Court (“the juvenile court”) seeking to have the three youngest children of S.S. (“the mother”) found dependent and seeking an award of custody of each child. Those dependency petitions also alleged that those children were dependent as a result of the actions of their respective fathers; however, because none of the fathers have appealed, we do not address the facts pertaining to them. Each of the dependency petitions alleged that the mother had verbally and physically abused all four of her children and had threatened to kill them. The juvenile court entered shelter-care orders placing the children in DHR’s custody.
We note that it appears that a dependency petition was filed with regard to the mother’s oldest child, who was 18 years old at the time the judgment at issue in this appeal was entered, and that she was also removed from the mother’s custody. The record in this appeal pertains only to the dependency actions regarding the mother’s three youngest children, and it does not indicate whether the juvenile court also found the mother’s oldest child to be dependent.
*1051 The temporary custody of the three youngest children was changed several times during the pendency of the actions. In March 2011, the mother was indicted and arrested on charges of physically abusing the children; those charges were related to the abuse allegations made by the children at the time they were taken into protective custody in March 2010. Those criminal charges were later dismissed.
In November 2012, the juvenile court ordered that the temporary custody of the three youngest children be returned to DHR; the children had been in the home of family friends. Also at that time, the mother was awarded unsupervised visitation with the children.
The juvenile court conducted a dependency hearing in March 2013. On May 1, 2013, the juvenile court entered a single judgment as to all three dependency actions, finding the three youngest children dependent and awarding the mother unsupervised visitation with the children. The mother appealed the May 1, 2013, dependency judgment.
The record on appeal in this matter is more than 1,500 pages in length, including approximately 955 pages of transcript. The brief the mother submitted to this court on appeal contains no statement regarding oral argument, no statement of jurisdiction, and no statement of the case, all of which are required by Rule 28(a), Ala. R.App. P. The statement of the facts the mother sets forth in her brief on appeal comprises only six sentences and is less than one page in length. Rule 28(a)(7), Ala. R.App. P., requires that an appellant set forth a “full statement of the facts relevant to the issues presented for review” and that “facts must be stated accurately and completely.”
In the argument portion of her brief, the mother argues that the juvenile court erred in admitting certain hearsay evidence during the dependency hearing. “ ‘Hearsay’ is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” Rule 801(c), Ala. R. Evid. The mother is correct that hearsay evidence is not admissible in an adjudicatory proceeding such as a dependency hearing. Ex parte State Dep’t of Human Res., 890 So.2d 114 (Ala. 2004).
The mother contends that the juvenile court erred in allowing testimony “from several witnesses regarding out-of-court statements made by the minor children.” Specifically, the mother objects to the reports the three youngest children made in March 2010 to a school principal and a DHR social worker concerning the mother’s alleged abusive treatment of them. The mother includes in her statement of facts a list of pages referencing her objections to certain testimony and the juvenile court’s decisions overruling the mother’s objections. In the two-page argument the mother asserts with regard to this issue in her appellate brief, the mother fails to specifically address the statements to which she objects or to identify the witnesses who made those statements. Rather, she merely cites caselaw and cursorily asserts that the juvenile court erred in allowing hearsay evidence. See S.K. v. Madison Cnty. Dep’t of Human Res., 990 So.2d 887 (Ala.Civ.App.2008); and L.A.C. v. State Dep’t of Human Res., 890 So.2d 1026 (Ala.Civ.App.2003). It is not the function of an appellate court to search a record for evidence to support an appellant’s argument or to create and support an argument on behalf of an appellant. Perry v. State Pers. Bd., 881 So.2d 1037, 1040 (Ala.Civ.App.2003). Although the mother’s appellate brief comes dangerously close to not complying sufficiently with *1052 Rule 28, Ala. R.App. P., to warrant review by this court, out of an abundance of caution we briefly address her arguments.
The only manner in which the mother identified the testimony to which she objects on appeal is in a string cite of page numbers in her statement of facts designating portions of the transcript. That cite indicates that the mother objected when Ann Tillman, the principal at the youngest child’s school, was asked what the child had told her regarding the mother’s alleged conduct; as grounds for her objection, the mother stated that the question was designed to elicit out-of-court statements from a “party.” The juvenile court overruled that objection, and Tillman detailed the youngest child’s abuse allegations. Tillman testified that she then traveled to the school attended by the two older children at issue and that she questioned those children regarding the youngest child’s abuse allegations. When Tillman was asked what the two older children at issue told her, the mother again objected, incorrectly arguing that the children at issue were “parties” to the dependency actions. Tillman then testified regarding the details of the abuse allegations made by the children.[1] The mother did not object further to the questioning of Tillman, nor did she request or obtain a continuing objection to Tillman’s testimony concerning the abuse allegations. When additional testimony on a subject is elicited without any further objection, and in the absence of a motion in limine or the grant of a request for a continuing objection as to such testimony, any objections to that testimony are waived.[2] C.E.W. v. P.J.G., 14 So.Bd 166 (Ala.Civ.App.2009). Tillman provided a great deal of additional testimony about the children’s reports of abuse by the mother, and the mother did not properly object to that additional testimony. Therefore, the mother has failed to demonstrate that the juvenile court erred in allowing Tillman’s testimony concerning the reports of abuse the children made to her in March 2010.
The three youngest children were called as witnesses at the dependency hearing, and each child recanted his or her 2010 abuse allegations. Thereafter, DHR called Sylvia Duncan Williams, a DHR social worker, as a witness. The mother objected to DHR’s questioning of Williams concerning the children’s original, 2010 allegations of abuse. DHR responded to the mother’s objection by arguing that Williams’s testimony was offered for impeachment purposes to demonstrate the change in the children’s testimony.[3] The juvenile court ruled that it would allow the testimony for the limited purpose of impeachment. In her brief before this court, the mother has not addressed that ruling or argued that the evidence could not be properly admitted for impeachment purposes. Issues not argued in an appellate *1053 brief are waived. Pardue v. Potter, 632 So.2d 470, 473 (Ala.1994) (“Issues not argued in the appellant’s brief are waived.”). Thus, the mother has failed to demonstrate on appeal that Williams’s testimony was inadmissible for the purpose for which it was offered.
Further, the testimony Williams offered pertaining to the abuse allegations made by the children in 2010, even if offered for the truth of the matter asserted so as to constitute hearsay, was cumulative of Tillman’s testimony, and we have concluded that the mother failed to demonstrate that the juvenile court erred in admitting Tillman’s testimony. Thus, any potential error in the juvenile court’s consideration of Williams’s testimony was harmless. L.A.C. v. State Dep’t of Human Res., 890 So.2d at 1034-35 (holding that any error in the admission of certain evidence was harmless because that evidence was cumulative of other, admissible evidence). Given the foregoing, we conclude that the mother has failed to demonstrate that the juvenile court erred in admitting Williams’s testimony on the issue of the abuse allegations made by the children in 2010.
The mother also objected to a question by DHR regarding whether Williams recalled a conversation Williams had had with the mother in which the mother had reported certain statements made to her by one of the children. The mother argued that that evidence was “double hearsay.” DHR argued that the statement by the mother was admissible as a statement against interest, which is an exception to the rule prohibiting hearsay evidence. See Rule 804(b)(3), Ala. R. Evid. The juvenile court overruled the mother’s objection. On appeal, the mother argues only summarily that this evidence to which she objected constituted hearsay. The mother has not addressed the juvenile court’s determination that Williams’s testimony on this point fell within the “statement against interest” exception to the hearsay rule. Therefore, the mother has waived any argument on that issue, see Pardue v. Potter, supra, and we conclude that she has failed to demonstrate on appeal that the juvenile court erred in allowing the testimony.
The mother last argues that the juvenile court erred in admitting into evidence a DVD (“the disk”) offered into evidence during the testimony of Mary Beth Thomas, the clinical director of the Prescott House Child Advocacy Center, who interviewed the three youngest children after they made the abuse allegations against the mother. The disk contains a video recording of the three children relating their abuse allegations to Thomas in April 2010. The mother objected to the admissibility of the disk on the basis that the disk was a copy of the original video recording of Thomas’s interviews with the children. After receiving fairly extensive arguments of the parties on that issue, the juvenile court overruled the mother’s objection and admitted the disk into evidence. The mother made no objections on the basis of hearsay before the disk was admitted into evidence as an exhibit.
After the admission into evidence of the disk containing the interviews of the three youngest children, DHR continued its questioning of Thomas, and it offered to play the video recording during the hearing.[4] The mother then objected to the juvenile court’s “watching the tapes during these proceedings,” citing the prohibition against hearsay evidence as a ground. However, as the juvenile court noted, at the time the mother made her hearsay *1054 objection the disk had already been admitted into evidence as an exhibit.
A timely objection is necessary to preserve an issue for appellate review. Rule 103(a)(1), Ala. R. Evid.; Ex parte Coulliette, 857 So.2d 793, 794-95 (Ala.2003) (holding that a timely objection is necessary to put the trial court on notice of any error to be corrected); Henning v. Henning, 26 So.3d 450, 457 (Ala.Civ.App.2009) (holding that a hearsay objection lodged after the witness answered the question was untimely). A “[t]imely objection is a condition precedent to raising an error on appeal. Where a timely objection to the admission of evidence is not made, the party wishing to exclude the evidence cannot be heard to complain.” Davis v. Southland Corp., 465 So.2d 397, 402 (Ala. 1985). The mother’s hearsay objection to the disk containing the video recording of Thomas’s interviews with the children was made after that disk had been admitted into evidence, and, therefore, that objection was untimely. The only argument the mother asserts in her brief submitted to this court pertaining to the disk is based on hearsay, but the mother failed to preserve that issue for this court’s review. Davis v. Southland Corp., supra.
We note that, even assuming that the mother had demonstrated that the juvenile court erred in admitting any of the evidence discussed above, a showing of inadmissibility would not be sufficient, in itself, to warrant a reversal of the dependency judgment. Reversal may not be predicated on an erroneous evidentiary ruling “unless a substantial right of [a] party is affected.” Rule 103(a), Ala. R. Evid. Further, our supreme court has held:
“We will not reverse a judgment ‘unless ... the error complained of has probably injuriously affected substantial rights of the parties.’ Rule 45, [Ala.] R.App. P.; Bianco v. Graham, 268 Ala. 385, 388, 106 So.2d 655, 657 (1958). The appellant bears the burden of proof on this issue. Roubicek v. Roubicek, 246 Ala. 442, 21 So.2d 244 (1945). This standard[ ] ... requires more than an allegation of ‘some possibility that the jury could get some adverse thought[ ]’....”
Atkins v. Lee, 603 So.2d 937, 946 (Ala. 1992) (emphasis added).
Thus, the mother was required to demonstrate on appeal not only that the juvenile court erred in admitting the evidence to which she objected, but also that any such error was not harmless error and that it impacted her substantial rights. Atkins v. Lee, supra; Campbell v. Southern Ry. Co., 398 So.2d 728, 729 (Ala.Civ. App.1981) (holding that, although the trial court erred in admitting hearsay evidence, the “appellant’s argument is entirely speculative and fails to sufficiently support his burden of showing both error and palpable injury to a substantial right”). The mother makes no argument in her original brief submitted to this court that the evidentia-ry errors of which she complains injured or affected her substantial rights. Rather, she contends for the first time in her reply brief that the juvenile court’s admission of what she contends is hearsay evidence was not harmless because, she says, the evidence was not cumulative of properly admitted evidence. See Y.M. v. Jefferson Cnty. Dep’t of Human Res., 890 So.2d 103, 113 (Ala.Civ.App.2003) (citing cases in which an appellate court has determined that the admission of inadmissible evidence was harmless because that evidence was “corroborated by in-court testimony or was otherwise cumulative”). This court may not consider an argument that could have been raised in an original brief but that is first asserted in a reply brief. Lloyd Noland Hosp. v. Durham, 906 So.2d 157, 173 (Ala.2005); Byrd v. Lamar, 846 So.2d 334, 341 (Ala.2002). However, given *1055 this court’s holdings in this appeal, we would nevertheless reject this argument.
The mother has not argued that the evidence does not support the dependency determinations. Accordingly, we affirm the juvenile court’s judgment.
AFFIRMED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. The children informed Tillman that the mother had committed acts of verbal and physical abuse and that she had threatened to kill them. The details of those allegations are not necessary for the disposition of this appeal.

. At a later point in the hearing, in arguing against the admission of a video recording, the mother requested a “continuing objection to all statements of the children made out of court.” The juvenile court overruled the mother’s objection regarding the video recording but stated that it was granting her a continuing objection. That continuing objection clearly applied to the evidence that was presented after the continuing objection was requested and granted and not to any evidence presented before that objection and to which the mother failed to object.

.DHR pointed out that the children had recanted their 2010 abuse allegations after having unsupervised visitation with the mother.

. The video recording was not, in fact, played during the dependency hearing.