PARKER, Justice
(dissenting).
I concur with the conclusion in the main opinion that the evidence supported the jury’s finding that Guyoungtech USA, Inc., terminated Elaine Dees’s employment in violation of Alabama’s wrongful-termination statute. I respectfully dissent, however, from its reversal of the judgment as to liability. I also dissent from the portions of the main opinion concerning the award of damages. I would affirm the judgment; therefore, I dissent.
The main opinion reverses the trial court’s judgment on the compensatory-damages award based on its conclusion that the improper admission into evidence of the mortality tables potentially injuriously affected the substantial rights of Guyoungtech. In Atkins v. Lee, 603 So.2d 937, 946 (Ala.1992), this Court held:
“We will not reverse a judgment ‘unless ... the error complained of has probably injuriously affected substantial rights of the parties.’ Rule 45, Ala. R.App. P.; Bianco v. Graham, 268 Ala. 385, 388, 106 So.2d 655, 657 (1958). The appellant bears the burden of proof on this issue. Roubicek v. Roubicek, 246 Ala. 442, 21 So.2d 244 (1945).”
(Emphasis added.) I respectfully dissent because the main opinion has prematurely shifted the burden of proof to Dees on this issue; Guyoungtech has not demonstrated that the improper admission of the mortality tables probably injuriously affected its substantial rights. Even though Guyoung-tech has not carried its burden of demonstrating that the admission of the mortality tables probably injuriously affected its substantial rights, the main opinion shifts the burden to Dees to demonstrate that the improper admission of the mortality tables definitely did not affect Guyoung-tech’s substantial rights. The main opinion creates a new standard in that an appellant no longer has to demonstrate that an error occurred, but only that an error potentially occurred.
In the trial court, Dees sued Guyoung-tech alleging wrongful termination and seeking damages for lost wages and mental anguish. The jury returned a general verdict in favor of Dees, awarding $1,000,000 in compensatory damages. Concerning the award of compensatory damages, the trial court held as follows:
“In addition, Guyoung[tech] did not request a special interrogatory or verdict form to itemize and differentiate between lost wages, compensatory damage[s,] and mental anguish damages. Alabama Code [1975,] Section 6-11-1 on Itemization provides that ‘[i]n any civil action based upon tort ... the damages assessed by the factfinder shall be itemized as follows: (1) Past damages. (2) Future damages. (3) Punitive Damages.’ [5]
*390 “While [Guyoungtech] requested itemization between compensatory and punitive damages, it did not request itemization between past and future damages related to mental anguish, and it did not request itemization of compensatory damages for future lost earnings. In Coastal Bail Bonds v. Cope, 697 So.2d 48, 51 (Ala.Civ.App.1996), the court held that the failure to request itemization is attributable as an error of the defendant, not the trial judge. See, also, Green Tree Acceptance, Inc. v. Standridge, 565 So.2d 38, 46 (Ala.1990) (‘Although there is no dispute that the jury did not utilize itemized verdict forms, there is no evidence that this error was brought to the attention of the trial court.’) In Dunlop Tire Corp. v. Allen, 725 So.2d 960, 968 (Ala.1998), the Court affirmed a compensatory damages award of $735,000 in future damages where the defendant did not request a jury form which would have addressed its concerns, reasoning, ‘if Dunlop had thought that future damages were not recoverable in this action, it should have asked to have that category omitted from the itemization.’
“Finally, in Continental Eagle Corp.[ v. Mokrzycki, 611 So.2d 313 (Ala.1992) ], such apportionment was defined by the jury. In this case Guyoung[tech] did not request apportionment. The damages could be for mental anguish damages alone.
“... Dees was required to present ‘evidence tending to show the extent of damages as a matter of just and reasonable inference.’ Lindy Mfg. Co. v. Twentieth Century Mktg., 706 So.2d 1169, 1178 (Ala.l997)(quoting C. Gamble, Alabama Law of Damages 7-1 (2d ed.1988)). When proving general damages, the standard is relevancy, not ‘reasonable certainty.’ Med Plus Properties v. Colcock Constr. Group, 628 So.2d 370, 377 (Ala.1993)(citing Gamble; McElroy’s Alabama Evidence [§ ] 21.01(1) (4th ed.1991)). The jury properly considered the issue of damages as submitted to them by this Court.”
On appeal, Guyoungtech does not challenge the trial court’s holding that Guy-oungtech failed to “request a special interrogatory or verdict form to itemize and differentiate between lost wages ... and mental anguish damages.” Neither does Guyoungtech challenge the trial court’s statement that “[t]he damages [awarded by the jury] could be for mental anguish damages alone.” In fact, there is nothing in the clerk’s record indicating what portion of the jury’s award of compensatory damages was for future damages and what portion was for past damages, and Guy-oungtech offers no explanation. There is no way to determine from the general compensatory-damages award whether the jury awarded any future damages; the amount awarded could have been for her mental anguish suffered from the time Dees was terminated from her employment until trial.
Instead, Guyoungtech argues only that the admission of the mortality tables was improper. However, unless Guyoungtech has demonstrated that its substantial rights were probably injuriously affected by the improper admission of the mortality tables, Guyoungtech is not entitled to have the trial court’s judgment reversed. As set forth by the trial court, there was a method available to Guyoungtech to determine if its substantial rights had been injuriously affected by the improper admission of the mortality tables, but Guy-oungtech chose not to avail itself of that protection; it is not this Court’s function to make arguments for a party who chooses not to make those arguments for itself.
*391 The main opinion recognizes that if the jury’s verdict “could have represented solely the type of damages unaffected by the trial court’s error,” then “we would not be in a position to review the compensatory-damages verdict.” 156 So.3d at 884. The main opinion then concludes that “the lost-wages and mental-anguish prongs of the compensatory-damages award are both infected by error.” 156 So.3d at 384. However, the main opinion offers no explanation as to why an award of mental-anguish damages would have been affected by the improper admission of the mortality tables.
Therefore, based on Guyoungtech’s failure to demonstrate that the improper admission of the mortality tables probably injuriously affected its substantial rights even though Guyoungtech had available to it the protection of § 6-11-1, Ala.Code 1975, I respectfully dissent from the holding in the main opinion that the admission of the mortality tables was error. Dees should not pay the cost of Guyoungtech’s failure to properly defend the action. The main opinion improperly shifts to Dees the burden of proof that the law places upon Guyoungtech.

. Section 6-11-1, Ala.Code 1975, states in full:
“In any civil action based upon tort and any action for personal injury based upon breach of warranty, except actions for wrongful death pursuant to Sections 6-5-391 and 6-5-410, the damages assessed by the factfinder shall be itemized as follows:
“(1) Past damages.
"(2) Future damages.
“(3) Punitive damages.
“The factfinder shall not reduce any future damages to present value. Where the court determines that any one or more of the above categories is not recoverable in the action, those categories shall be omitted from the itemization.”